**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

JOSHUA M. AMBUSH, LLC, *et al.*

      Petitioners,

v.

ELVIS J. RUSNAK,
9 Shady Mill Lane
Milford, NJ 08848


      Respondent.

Civil Action No. 1:26-cv-01247-CKK

**ELVIS J. RUSNAK's MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**TO TRANSFER OR STAY THIS ACTION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

I. INTRODUCTION ......................................................................................................... 1

II. BACKGROUND .......................................................................................................... 2

III. ARGUMENT ............................................................................................................... 4

    A.  THIS ACTION SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE
        RULE. ................................................................................................................... 4

    B.  IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO
        THE DISTRICT OF MARYLAND UNDER 28 U.S.C. § 1404(a)............................ 7

        1.  The Public Interest Factors Heavily Favor Transfer. ............................................. 7

            a.  Pendency of Related Actions in the Transferee Forum. .................................. 7

            b.  Relative Congestion of the Courts. .................................................................. 8

            c.  The Transferee Court's Familiarity with Governing Law. .............................. 9

        2.  Private Interest Factors Favor Transfer. ............................................................... 10

    C.  IN THE ALTERNATIVE, THIS ACTION SHOULD BE STAYED PENDING
        RESOLUTION OF THE MARYLAND ACTION. .................................................. 11

IV. CONCLUSION............................................................................................................ 12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apotex, Inc. v. FDA*,
 393 F.3d 210 (D.C. Cir. 2002) ................................................................................................5

*Armco Steel Co., L.P. v. CSX Corp.*,
 790 F. Supp. 311 (D.D.C. 1991) .........................................................................................9, 10

*Barham v. UBS Fin. Servs.*,
 496 F. Supp. 2d 174 (D.D.C. 2007) ........................................................................................8

*Bederson v. United States*,
 756 F. Supp. 2d 38 (D.D.C. 2010) ..........................................................................................7

*Carter v. Dir., U.S. Marshals Serv.*,
 781 F. App'x 3 (D.C. Cir. 2019) ..............................................................................................5

*Columbia Plaza Corp. v. Sec. Nat'l Bank*,
 525 F.2d 620 (D.C. Cir. 1975) ................................................................................................4

*Cont'l Grain Co. v. Barge FBL–585*,
 364 U.S. 19 (1960) ..............................................................................................................1, 8

*\*Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*,
 529 U.S. 193 (2000) ...........................................................................................................4, 11

*Doscher v. Sea Port Grp. Sec., LLC*,
 No. 15-CV-384, 2017 WL 6061653 (S.D.N.Y. Dec. 6, 2017) ...............................................11

*Entines v. United States,*
 495 F. Supp. 2d 84, 86 (D.D.C. 2007) ....................................................................................5

*Faizi v. Garland*,
 No. 24-CV-839, 2024 WL 5075824 (D.D.C. Dec. 11, 2024) ..................................................5

*FTC v. Cephalon, Inc.*,
 551 F. Supp. 2d 21 (D.D.C. 2008) ...........................................................................................8

*Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*,
 804 F. Supp. 2d 1 (D.D.C. 2011) ............................................................................................4

*Gulf Oil Corp. v. Gilbert*,
 330 U.S. 501 (1947) ................................................................................................................9

*Handy v. Shaw, Bransford, Veilleux & Roth,
     325 F.3d 346 (D.C. Cir. 2003) ...............................................................................4, 6, 11

Holland v. A.T. Massey Coal,
     360 F. Supp. 2d 72 (D.D.C. 2004) ...................................................................................7

Hypower, Inc. v. SunLink Corp.,
     No. 14-CV-00740, 2014 WL 1618379 (N.D. Cal. Apr. 21, 2014) ...........................................5

Me-Wuk Indian Cmty. of the Wilton Rancheria v. Kempthorne,
     246 F.R.D. 315 (D.D.C. 2007) ........................................................................................8

Onyeneho v. Allstate Ins. Co.,
     466 F. Supp. 2d 1 (D.D.C. 2006) .....................................................................................9

Piper Aircraft Co. v. Reyno,
     454 U.S. 235 (1981) ....................................................................................................10

Reiffin v. Microsoft Corp.,
     104 F. Supp. 2d 48 (D.D.C. 2000) ...................................................................................7

Rosales v. United States,
     477 F. Supp. 2d 213 (D.D.C. 2007) ................................................................................10

Rusnak v. Ambush,
     No. 1:26-CV-01262 (D. Md. Mar. 30, 2026) .....................................................................1, 3

*S. Mills, Inc. v. Nunes,
     586 F. App'x 702 (11th Cir. 2014) ...............................................................................5, 6

Sallyport Glob. Servs., Ltd. v. Arkel Int'l, LLC,
     78 F. Supp. 3d 369 (D.D.C. 2015) ...................................................................................9

Schmid Lab'ys, Inc. v. Hartford Accident & Indem. Co.,
     654 F. Supp. 734 (D.D.C. 1986) .....................................................................................9

Smiths Indus. Med. Sys., Inc. v. Ballard Med. Prods., Inc.,
     728 F. Supp. 6 (D.D.C. 1989) .........................................................................................7

Somuah v. Flachs,
     721 A.2d 680 (Md. 1998) ............................................................................................2, 3

Steinmann v. ZTE Corp.,
     No. 11-CV-01578, 2014 WL 12898539 (C.D. Cal. July 25, 2014) ........................................11

Trout Unlimited v. U.S. Dep't of Agric.,
     944 F. Supp. 13 (D.D.C. 1996) ....................................................................................9, 10

*UtahAmerican Energy, Inc. v. Dep't of Lab.*,
   685 F.3d 1118 (D.C. Cir. 2012)......................................................................................6

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964).......................................................................................................9

*\*Washington Metro. Area Transit Auth. v. Ragonese*,
   617 F.2d 828 (D.C. Cir. 1980).......................................................................................4

*X-Rite, Inc. v. Volk*,
   No. 1:08-CV-264, 2008 WL 1913926 (W.D. Mich. Apr. 28, 2008) .........................4

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................7

**Other Authorities**

*U.S. District Court — Judicial Caseload Profile*, U.S. Cts.,
   https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile123
   1.2025.pdf (last visited May 1, 2026) .......................................................................8, 9

Respondent Elvis J. Rusnak ("Respondent"), by and through undersigned counsel, respectfully moves this Court under the first-to-file rule and 28 U.S.C. § 1404(a) for an order: (a) dismissing this action under the first-to-file rule; (b) in the alternative, transferring this action to the United States District Court for the District of Maryland; or (c) in the alternative, staying this action pending resolution of the prior-filed action in the District of Maryland.

## I.    INTRODUCTION

This case presents a textbook example of duplicative federal litigation that the first-to-file rule is designed to prevent. More than two weeks before Petitioners Joshua M. Ambush and Joshua M. Ambush, LLC ("Petitioners" or "Ambush") filed their Petition to Vacate an Arbitration Award in this Court, Respondent Elvis J. Rusnak filed on March 30, 2026 a Petition to Confirm the same Arbitration Award in the United States District Court for the District of Maryland. *See* Pet. to Confirm Arbitration Award, *Rusnak v. Ambush* ("Maryland Action"), No. 1:26-CV-01262 (D. Md. Mar. 30, 2026), ECF No. 1.

The two petitions involve the same parties, arise from the same arbitration proceeding, and present the mirror image of the same dispute: whether the arbitration award should stand. Permitting both actions to proceed simultaneously would result in the precise "wastefulness of time, energy and money" that the first-to-file rule and 28 U.S.C. § 1404(a) are designed to prevent. *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960).

Moreover, the Maryland Action is the proper forum for resolution of this dispute—it was filed first, and every relevant factor favors adjudication there. Indeed, the Maryland court already entered a default against Petitioners Joshua M. Ambush and Joshua M. Ambush, LLC after finding that they were properly served but failed to answer within the time permitted. Allowing this case

to proceed would interfere with the previously pending Maryland Action and risk inconsistent judicial determinations on identical legal and factual issues.

## II.    BACKGROUND

Chief Master Sergeant (ret.) Elvis Rusnak served in the United States Air Force, where he was a decorated soldier and recipient of the Air Force Commendation Medal (With Valor). While serving in the U.S. Air Force, Mr. Rusnak was stationed at the Khobar Towers housing complex in Dhahran, Saudi Arabia, when on June 25, 1996, a truck bomb was detonated by terrorists killing 19 U.S. Air Force personnel and injuring more than 498 others, including Mr. Rusnak. On February 21, 2017, Mr. Rusnak retained Petitioners Joshua M. Ambush, LLC and Joshua Ambush to bring a lawsuit on his behalf, to represent him in any administrative proceeding related to his claim, and to obtain recoveries from the USVSST Fund and other available sources, to the extent available.

Petitioner Joshua M. Ambush is an individual who acknowledges residing in Maryland; and Petitioner Joshua M. Ambush, LLC is a Maryland limited liability company. *See* ECF No. 1, ¶¶ 1, 2. The attorney-client relationship between Ambush and Mr. Rusnak was governed by a retainer agreement, which was apparently executed by Ambush in Maryland, and which expressly provides that Maryland law and the Maryland Rules of Professional Conduct apply to any disputes arising from their attorney-client relationship. *See* Ex. B ¶ 25.

Following serious misconduct, Mr. Rusnak terminated Mr. Ambush and Joshua M. Ambush, LLC's representation. Shortly thereafter, Ambush sued Mr. Rusnak in a Maryland arbitration claiming that, by terminating Ambush, Mr. Rusnak breached his contract with Ambush—despite Maryland precedent holding that a client has an absolute right to terminate counsel. *See, e.g.*, *Somuah v. Flachs*, 721 A.2d 680, 684 (Md. 1998) ("[a]n attorney's authority to

2

act for a client is freely revocable by the client."); *see also id*. at 685 ("[T]he fact that an attorney has been retained under a contingent fee agreement does not affect the client's absolute right to discharge an attorney."). Mr. Rusnak subsequently answered and pursued legal malpractice counterclaims against Ambush.

After the dispute was submitted to the arbitrator—former Maryland Supreme Court Justice Hon. Irma S. Raker—Justice Raker issued an award adverse to Ambush on February 20, 2026. *See* Ex. A. In the Final Award, the Arbitrator concluded that Ambush "breached the standard of care" owed to Mr. Rusnak under Maryland law, including "by withdrawing [Mr. Rusnak's] claim for punitive damages, as alleged by Respondent, including by failing to provide informed consent on the issue, [and] by failing to file properly and timely in accord with the relevant statute for catch-up payments to the Fairness Fund[.]" *Id*. § V(2). The Arbitrator found, by contrast, that under Maryland law Mr. Rusnak "did not breach his attorney retainer agreement with Claimants Ambush in connection with terminating Ambush as his counsel," and that Mr. Rusnak "terminated the agreement with good cause." *Id*. § V(3).

On March 30, 2026, Mr. Rusnak filed in the United States District Court for the District of Maryland, and against Joshua M. Ambush and Joshua M. Ambush, LLC, a Petition to Confirm the Arbitration Award. *See* Pet. to Confirm Arbitration Award, Maryland Action, ECF No. 1. On April 29, 2026, the District of Maryland entered a default against Joshua M. Ambush and Joshua M. Ambush, LLC after they failed to timely appear and respond. Entry & Notice of Default, Maryland Action, ECF Nos. 8, 9.

More than two weeks after Mr. Rusnak commenced the Maryland Action, Ambush filed this case in the United States District Court for the District of Columbia. *See* ECF No. 1 (reflecting that Ambush's Petition to Vacate was filed on April 14, 2026).

3

## III.    ARGUMENT

### A.    THIS ACTION SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE RULE.

The D.C. Circuit has long recognized that, "[w]here two cases between the same parties on the same cause of action are commenced in two different federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (quoting *Speed Prods. Co. v. Tinnerman*, 171 F.2d 727, 729 (D.C. Cir. 1948)). Trial judges in this Circuit have discretion to "dismiss or stay a pending suit" when confronted with parallel litigation in separate federal forums. *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003).

The rationale for the rule is well established: "Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *Ragonese*, 617 F.2d at 830. "Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided." *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975); *see also Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, 804 F. Supp. 2d 1, 3–4 (D.D.C. 2011).

The Supreme Court has recognized that this principle applies with special force to competing arbitration petitions, like those at issue here. In *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000), the Court held that the Federal Arbitration Act's venue provisions are permissive and that, where competing petitions to confirm and vacate are filed in different courts, "under principles of deference to the court of first filing, the [second-filed] court should . . . consider[] staying its hand." *Id.* at 198. Following *Cortez Byrd Chips*, courts have consistently applied the first-filed rule to competing arbitration petitions, recognizing that such suits "are on a different legal footing than declaratory actions." *X-Rite, Inc. v. Volk*, No. 1:08-CV-

4

264, 2008 WL 1913926, at *2 (W.D. Mich. Apr. 28, 2008); *see also Hypower, Inc. v. SunLink Corp.*, No. 14-CV-00740, 2014 WL 1618379, at *3 (N.D. Cal. Apr. 21, 2014) (applying first-to-file rule where "[b]oth cases[—a petition to confirm and another involving a motion to vacate—] involve the underlying dispute and relate to the validity of the AAA's Arbitration Award").

The first-filed rule applies here, and counsels deference to the earlier filed Maryland Action. It is indisputable that Mr. Rusnak filed the Petition to Confirm the Arbitration Award in the Maryland Action more than two weeks before Ambush filed their Petition to Vacate in this Court. The Maryland Action was therefore "the forum initially seized of the controversy." *S. Mills, Inc. v. Nunes*, 586 F. App'x 702, 706 (11th Cir. 2014) (cleaned up). In addition, the first-to-file rule applies because "all parties are present in both cases." *Faizi v. Garland*, No. 24-CV-839, 2024 WL 5075824, at *2 (D.D.C. Dec. 11, 2024) (quoting *Furniture Brands*, 804 F. Supp. 2d at 7). Here, the Maryland Action and this case involve the same parties: Elvis Rusnak, Joshua M. Ambush, Joshua M. Ambush, LLC. Indeed, the Maryland Action and this action arise from the identical arbitration proceeding between the same parties who were the parties to the underlying arbitration. The parties in both actions are, thus, not merely "substantially the same"—they are identical. *See Carter v. Dir., U.S. Marshals Serv.*, 781 F. App'x 3 (D.C. Cir. 2019).

Moreover, two cases implicate "the same cause of action" if "they share the same nucleus of facts." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2002) (cleaned up). Both the Maryland Action and this case arise from the same arbitration proceeding, involve the same arbitration award, and present the same central question—whether the arbitration award should be confirmed or vacated. The issues are not merely "sufficiently similar" but are "mutually exclusive." *Hypower*, 2014 WL 1618379, at *3. If this Court were to vacate the award while the District of Maryland confirmed it, the result would be "patently inconsistent decisions." *Id.* As the Eleventh Circuit

recognized in *Southern Mills, Inc. v. Nunes*, 586 F. App'x at 706, "[b]y declining to fragment a case about a single arbitration award into two suits, the district court avoided multiplicitous proceedings and potentially conflicting judgments."

Finally, while the D.C. Circuit has recognized that special "equitable considerations" may in certain circumstances weigh against applying the first-to-file rule, *Handy*, 325 F.3d at 350, no such considerations exist here. For instance, there is no evidence that Mr. Rusnak engaged in forum shopping or bad faith by filing first in Maryland. To the contrary, Maryland is the natural and appropriate forum for the parties' dispute: Petitioners are Maryland residents, the arbitration occurred in Maryland, the retainer agreement specifies that Maryland law governs the parties' relationship, and the underlying dispute concerns the professional conduct of a Maryland attorney and law firm. Indeed, Ambush's decision to file in this Court—where no party resides—two weeks after Mr. Rusnak's filing in Maryland suggests that it is Ambush, not Rusnak, who has engaged in forum shopping. Moreover, in filing a Petition to Confirm his arbitration award, Mr. Rusnak exercised his statutory rights under 9 U.S.C. § 9, which requires him to file such a petition within one year of the final award.

Dismissal of this action is therefore warranted. The D.C. Circuit has recognized that the first-to-file rule not only serves principles of judicial economy, it also prevents litigants from obtaining "multiple bites at the apple." *UtahAmerican Energy, Inc. v. Dep't of Lab.*, 685 F.3d 1118, 1124 (D.C. Cir. 2012). Because the Maryland and D.C. Actions are entirely duplicative (in fact, Ambush's request to vacate the award is a compulsory counterclaim in the Maryland Action), resolution of the Maryland Action will necessarily fully resolve this action, leaving nothing further for this Court to adjudicate. Accordingly, dismissal (rather than a stay) is appropriate.

**B.    IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF MARYLAND UNDER 28 U.S.C. § 1404(a).**

Should the Court decline to dismiss this action, it should transfer it to the District of Maryland under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" Both the private and public interest factors weigh decisively in favor of transfer.

**1.    The Public Interest Factors Heavily Favor Transfer.**

"The public interest factors considered in a motion to transfer include: (1) the local interest in making local decisions regarding local controversies; (2) the relative congestion of the transferee and transferor courts; and (3) the potential transferee court's familiarity with the governing law." *Bederson v. United States*, 756 F. Supp. 2d 38, 50 (D.D.C. 2010) (citation omitted). Another paramount consideration is "the compelling public interest in avoiding duplicative proceedings . . . and potentially inconsistent judgments[.]" *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 58 (D.D.C. 2000).

**a.    Pendency of Related Actions in the Transferee Forum.**

The pendency of the first-filed Maryland Action weighs "very heavily" in favor of transfer. *Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 77 (D.D.C. 2004). "The interests of justice are better served when a case is transferred to the district where related actions are pending." *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 56 (D.D.C. 2000); *see also Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 77 (D.D.C. 2004) ("the fact that there is an ongoing case dealing with similar issues in another jurisdiction weighs very heavily in favor of a transfer under § 1404(a)"); *Smiths Indus. Med. Sys., Inc. v. Ballard Med. Prods., Inc.*, 728 F. Supp. 6, 7 (D.D.C. 1989) ("Case law in this Circuit indicates that a sua sponte transfer under § 1404(a) is appropriate when there is an

ongoing related case in another jurisdiction."); *Barham v. UBS Fin. Servs.*, 496 F. Supp. 2d 174, 180 (D.D.C. 2007) ("[T]he most significant factor weighing in favor of transferring this case is the presence of closely related litigation.").

Failure to transfer would create a serious risk of inconsistent judgments. As the court noted in *FTC v. Cephalon, Inc.*, 551 F. Supp. 2d 21, 29 (D.D.C. 2008), if two courts simultaneously adjudicate the same dispute, the defendant faces "a classic case of conflicting judgments." *Id.* (calling this "the most significant factor weighing in favor of transferring" (cleaned up)). That risk is especially acute here, where the Maryland Action seeks confirmation of the award and this action seeks vacatur—relief that is by definition mutually exclusive. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain*, 364 U.S. at 26; *accord Me-Wuk Indian Cmty. of the Wilton Rancheria v. Kempthorne*, 246 F.R.D. 315, 321–22 (D.D.C. 2007).

### b. Relative Congestion of the Courts.

The relative congestion of the transferee and transferor courts also favors transfer. The available data indicates that the District of Maryland disposes of civil cases more quickly than this Court, which is responsible for deciding a large number of especially complex matters. According to the most recent public federal court management statistics, the District of Maryland has a median time to disposition for civil cases of 6.7 months compared to 7.3 months in the District of Columbia, and a median time to trial of 37.6 months compared to 52.1 months.[1] Further, 22.1% of

---

[1] *U.S. District Court — Judicial Caseload Profile*, U.S. Cts., https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf (last visited May 1, 2026).

civil cases in the District of Columbia have been pending for over three years, compared to only 10.3% in the District of Maryland.[2] This factor favors transfer.

### c.    The Transferee Court's Familiarity with Governing Law.

The centrality of Maryland state law issues to this action is another "significant consideration" in favor of transfer to Maryland. *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 4–5 (D.D.C. 2006) (transferring to Maryland in part because "Maryland courts have greater familiarity with Maryland law"); *see also Schmid Lab'ys, Inc. v. Hartford Accident & Indem. Co*., 654 F. Supp. 734, 737 n.11 (D.D.C. 1986) ("The benefit of having a local court construe its own law is a relevant factor in considering a transfer motion."). Similarly, Maryland has a greater local interest in this dispute, which concerns the professional conduct of Maryland-based attorneys governed by Maryland law and ethics rules. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947).

The retainer agreement between the parties specifies that Maryland law and ethical rules apply. *See* Ex. B ¶ 25. Petitioners' claims for vacatur of the arbitration award challenge findings of attorney malpractice under Maryland law, as well as multiple other findings based on breaches of the Maryland Rules of Professional Conduct. And the District of Maryland is "more familiar than this court with the application of [Maryland] law." *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 19 (D.D.C. 1996); *see also Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 324 (D.D.C. 1991) (finding that the transferee court's familiarity with applicable state law "strongly warrant[ed] transfer"). The Supreme Court has long recognized the advantages of "having the trial of a diversity case in a forum that is at home with the state law that must govern the case." *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) (cleaned up); *see also Sallyport Glob.*

---

[2] *Id.*

9

*Servs., Ltd. v. Arkel Int'l, LLC*, 78 F. Supp. 3d 369, 375–76 (D.D.C. 2015) (noting that this factor "is particularly important in diversity cases that implicate state law" (cleaned up)).

### 2.    Private Interest Factors Favor Transfer.

The private interest factors likewise favor transfer to the District of Maryland. The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16.

Mr. Rusnak favors transfer to the District of Maryland, because he has an existing, first-filed suit pending there. And here, "the fact that [Petitioners] chose to file their lawsuit [in D.C.] is entitled to little deference, if any, because they do not reside in the District of Columbia." *Rosales v. United States*, 477 F. Supp. 2d 213, 216 (D.D.C. 2007); *see also Armco Steel*, 790 F. Supp. at 323 n.11 ("The deference accorded the plaintiff's choice of forum is diminished even further when the plaintiff has brought suit in a forum which is not its home turf." (cleaned up)); *accord Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981) ("The District Court's distinction between resident or citizen plaintiffs and foreign plaintiffs is fully justified. . . .When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable."). In fact, both Petitioners acknowledge they reside in Maryland (the transferee district)—where the first-filed action is pending. Accordingly, their choice of this forum is entitled to no weight.

Nor do the other private interest factors favor maintaining the parties' dispute in D.C. Both Petitioners reside in Maryland (where the transferee court sits), and none of the parties are D.C.

residents. Accordingly, D.C. is not a more convenient forum than Maryland for either the parties or other witnesses (to the extent there are any given the summary nature of these proceedings). In addition, any evidence will be equally (if not more) accessible to the Maryland Court—though significant discovery is unlikely in either forum. *See, e.g.*, *Doscher v. Sea Port Grp. Sec., LLC*, No. 15-CV-384, 2017 WL 6061653, at *5 n.4 (S.D.N.Y. Dec. 6, 2017), *aff'd*, 752 F. App'x 102 (2d Cir. 2019) (courts do not permit discovery in vacatur actions when a party was "given the opportunity to obtain [most, if not all, of the discovery it now seeks] during the arbitration proceedings").

## C.   IN THE ALTERNATIVE, THIS ACTION SHOULD BE STAYED PENDING RESOLUTION OF THE MARYLAND ACTION.

Should the Court decline both to dismiss and to transfer this action, it should stay these proceedings pending resolution of the Maryland Action. The Supreme Court has recognized that, when competing arbitration petitions are filed in different federal courts, "the [second-filed] court should . . . consider[] staying its hand." *Cortez Byrd Chips*, 529 U.S. at 198. Trial judges in this Circuit have broad discretion to manage their dockets and to stay proceedings in deference to a first-filed action. *See Handy*, 325 F.3d at 349.

A stay would be appropriate here for all of the reasons set forth above. The Maryland Action was filed first, involves the same parties and the same arbitration award as this case, and is pending in a forum that has a stronger nexus to the parties and the dispute. Permitting both actions to proceed simultaneously thus risks inconsistent results and wastes judicial resources. *See Steinmann v. ZTE Corp.*, No. 11-CV-01578, 2014 WL 12898539, at *4 (C.D. Cal. July 25, 2014) (staying second-filed action challenging arbitration award out of deference to the first-filed court). As the court in *Entines v. United States* explained, when another court is "actively wrestling with the issues presented" by multiple parties, it is "[f]ar better for the litigation to proceed in a single

11

location" because the "possibility of inconsistent results cannot be ignored." 495 F. Supp. 2d 84, 86 (D.D.C. 2007).

### IV.    CONCLUSION

For these reasons, Respondent Mr. Rusnak respectfully requests that this Court enter an order: (a) dismissing this action under the first-to-file rule; (b) in the alternative, transferring this action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a); or (c) in the alternative, staying this action pending the resolution of the Maryland Action.

Dated: May 1, 2026                          Respectfully submitted,

*/s/ Robert A. Braun*

Robert A. Braun
D.C. Bar No. 1023352
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
rbraun@cohenmilstein.com

*Attorney for Respondent Elvis J. Rusnak*

12