# EXHIBIT A

**AMERICAN ARBITRATION ASSOCIATION**
**Commercial Arbitration Tribunal**

---

In the Matter of the Arbitration between


Joshua M. Ambush, LLC and Joshua M. Ambush, Esq.
Claimants


v.

Case Number: 01-25-0000-0363


Elvis J. Rusnak
Respondent

---

**AWARD OF ARBITRATOR**

I, Irma S. Raker, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, dated February 21, 2017, and having been duly sworn, and having duly heard the proofs and allegations of the parties, Claimants, represented by Angel  Sosa, Esq. and Nayda Perez Roman, Esq., of Toro Colon Mullet PSC and Respondent, represented by Robert A. Braun, Esq. of Cohen Milstein Sellers & Toll PLLC, hereby AWARD as follows:


**Award**

*I.    Procedural Background*

This case commenced before the American Arbitration Association ("AAA") by Claimants Joshua M. Ambush, LLC and Joshua M. Ambush, Esq. ("Ambush") filing a single claim for breach of contract on January 3, 2025. Respondent, Elvis J. Rusnak ("Rusnak"), filed an answer opposing the claim and asserting a counterclaim for malpractice.

After several motions and discovery, by agreement of the parties, the Arbitrator held virtual evidentiary hearings on October 28, 2025, October 29, 2025, October 31, 2025, November 12, 2025, November 13, 2025, and November 19, 2025. The parties filed pre-hearing briefs, post-hearing briefs and draft awards. Significantly, the parties agreed to a standard, summary award,

and declined a reasoned award. Hence, the abbreviated Award presented herein. The hearings were declared closed on January 23, 2026.

The parties filed an agreed statement of facts, which the Arbitrator accepts.

## II.    Claimant Ambush's Motion for Leave to File Informative Motion

On January 29, 2026, Claimants Ambush filed the above captioned Motion, a most unusual one filed after the record has closed and before the publication of the Award. In the request to file the motion, Claimants represents as follows:

> "On January 20, 2026, the Supreme Court of the United States published a relevant opinion that resolves one of the issues before the Tribunal. This Supreme Court decision was not available to Claimants at the time their post hearing brief was filed. While Claimants recognize that this stage of the proceedings ordinarily does not allow for additional submissions, the recency and relevance of this new controlling and dispositive precedent is reasonable basis for allowing Claimants to file an informative motion regarding the decision. The informative motion is not intended as a substantive pleading, but rather a notice to the Arbitrator of a recent authority that impacts the controversy before the Tribunal. Further, the submission concerns purely legal developments, not new evidence. It will not delay proceedings or prejudice Respondent. In light of the foregoing, Claimants respectfully request the Arbitrator to grant leave for Claimants to file the proposed informative motion attached hereto as Exhibit A. [Exhibit A is the Supreme Court Decision *Coney Island Auto Parts Unlimited, Inc. v. Burton, Chapter 7, Trustee for Vista-Pro Automotive LLC*]"

Respondent Rusnak opposed the request, citing procedural (AAA Rule 40) and substantive arguments. In the alternative, Respondent asserted that if this Arbitrator permits Claimants to "supplement" the record, Respondent requests that his responsive pleading be considered by the Arbitrator.

This motion is unusual both for its timing and substance. Claimants wish this Arbitrator to take notice and to consider a United States Supreme Court decision which was issued after the record closed and before the final Award is issued. The "supplemental" material is a legal opinion, from the highest court in the land, not factual evidence. Notably, neither party has asked the Arbitrator to "reopen" the record, nor has either party asked for a hearing or supplemental argument. Hence, lacking any unfairness or prejudice, this Arbitrator will consider the issue on the

2

papers filed, and within this final Award.

Whether I grant or deny the request, I need to read the Supreme Court decision. I have read and considered the opinion, the motion, and responsive pleading. As will be evident from the standard award which follows, the issue is not material and has no bearing on the outcome of the issue to which it is offered, *i.e.*, it would not change or impact the outcome in this case. In other words, as set forth below, Claimants did breach the standard of care ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████. The case has no impact on this decision or award.

### III.    *Allegations of the Parties*
#### *A. Claimants' Allegations*:

1. Claimants allege that on February 21, 2017, Respondent retained them as legal counsel pursuant to the Attorney Representation Agreement, under which Claimants provided legal services to Respondent and represented Respondent in the case of Schooley, et al., v. Islamic Republic of Iran, et al., Case No. 17-cv-1376 (BAH) (D.D.C.) (hereinafter, "Schooley"). The agreement provided Claimants to be compensated on a continency basis. Claimants allege they fully performed under the agreement by securing a default judgment in the amount of $7 million dollars as compensatory damages in Respondent's favor.

2. Claimants allege that substantial legal work was performed on Respondent's behalf, including but not limited to case evaluation, legal research, drafting pleadings, correspondence, and client communications, during the period of February 21, 2017, to July 2, 2024.

3. Claimants withdrew Respondent's claim for punitive damages in Schooley as a strategic decision, based on the intent to avoid an adverse judgment under the law applicable at that time and stating to Respondent and other plaintiffs that they could refile for punitive damages in the future.

4. Claimants allege that they followed the instructions and guidance given by the United

3

Case Number: 01-25-0000-0363

States Victims of State Sponsored Terrorism Fund (the "Fund") about the application for a lump sum catch-up payment authorized by the Fairness Act.

5. Claimants allege that Respondent removed Claimants as Respondent's attorney of record from the Fund on or about July 2, 2024; terminated the attorney-client relationship, without cause, on or about December 18, 2024, and refused to pay Claimants the agreed payment for legal services earned.

6. Claimants allege that the legal services provided were performed in accordance with applicable professional standards, and the removal was in bad faith and resulted in Claimants not receiving the agreed earned legal fees, some of which had been paid and those that will be paid in the future through periodic disbursements from the Fund, notwithstanding Respondent's receipt of the full benefits of Claimants legal services. Claimants maintain the fee was fully earned, reasonable, consistent with the 25% statutory cap and that Respondent received the highest award by the court in this case and that Claimants fulfilled their primary obligation under the Agreement and earned the fee by obtaining a final, enforceable and executable judgment in favor of Respondent.

7. Claimants allege that quantum meruit is not the standard under which the fees should be awarded in this arbitration, because the contingency had been fulfilled and the legal representation services had been rendered.

8. Claimants request the Arbitrator award: a declaration that Respondent has breached the Agreement for failure to pay the agreed upon fee, a declaration that Respondent breached the Agreement for failure to pay the attorneys' fees and reimburse the expenses agreed; an order to Respondent to pay Claimants' attorneys' fees of 33 1/3% of the Unpaid Judgment, or $2,187,657.13, plus expenses, if recovery is made from sources other than the Fund or 25% of the Unpaid Judgment, or $1,640,742.85, if recovery is made from the Fund; an order to Respondent for the payment of the fees, costs and expenses incurred by Claimants in these arbitration proceedings; an order to Respondent for the payment of the attorney fees incurred by Claimants in these proceedings; a declaration that Claimants have an attorney charging lien on the funds Respondent recovers from the Unpaid Judgment from the Schooley case, regardless of the source of the payment; and an order to Respondent to renew the judgment every 12 years until he has collected the full amount of the Unpaid Judgment and paid the agreed attorneys' fees

4

in full.

9. In response to Respondent's counterclaim, Claimants maintain Respondent failed to prove Claimants breached professional duties to Respondent, and in addition, the claim is barred by limitations (3 years under Maryland law). Claimants maintain that Respondent was aware of any claim based upon the punitive damages withdrawal as early as May 19, 2022, the date Claimants sent him a letter explaining the United States Supreme Court decision in Opoti v. Republic of Sudan. Claimants argue they did not engage in serious misconduct and that Respondent's claims are pretextual. Claimants maintain the punitive damage claim was withdrawn as a strategic decision and that by not resubmitting a claim to the Fund for lump sum catch up payments, he did not commit malpractice because he followed the existing rules and guidance provided by the Fund. In addition, Respondent agrees with Claimants' view as shown in his case filings in Rusnak et al v. USA, et al, Case No. 25-ev-00292 (D.D.C.). ████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████.

10. Claimants allege that Respondent's malpractice claims are unfounded, filed in bad faith and have caused Claimants to incur attorneys' fees to defend against the unfounded allegations, while complicating these proceedings. Hence, Claimants request prevailing party attorneys' fees even though the Agreement does not provide for them.

### B. Respondent's Allegations:

1. Respondent alleges that Claimants failed to properly perform their duties as legal counsel and, as a result, are not entitled to payment for the legal services provided.

2. Respondent alleges that Claimants committed legal malpractice by failing to pursue the claim for punitive damages in the Schooley case.

3. Respondent alleges that Claimants breached their professional duties by failing to take the necessary steps to qualify Respondent for the lump sum catch-up payments from the Fund authorized by the Fairness Act.

4. ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

5

5. Respondent alleges that Claimants violated their professional duties by not consulting with their clients in Schooley, before requesting extensions of time during the prosecution of the case.

6. Respondent claims that Claimants are not entitled to the amounts sought, or alternatively, that any recovery should be reduced based on the value of services performed.

7. Respondent claims that Claimants should disgorge the $109,256.82 in legal fees collected.

8. Respondent claims that Claimants are liable to Respondent for $7,685,442.38 in damages due to malpractice. This amount consists of the $7 million claimed for the damages suffered by Respondent based on Claimants' failure to seek punitive damages, and $685,442.38 for the damages suffered by Respondent because of Claimants' failure to timely submit the application for the catch-up payments.

9. Respondent requests the following arbitration award: a declaration that Claimants committed legal malpractice; an award of damages for those breaches; an order that Claimants pay any attorneys' fees, costs and expenses incurred because of Claimants malpractice and an order that Claimants promptly deliver Respondents complete client file to their successor attorneys.

## IV.    RELIEF REQUESTED

### A. Claimants Requested Relief

1. Declare that Respondent has breached the Agreement for failure to pay the attorneys' fees and reimburse the agreed expenses.

2. Order Respondent to pay Claimants' attorneys' fees of: a. 33 1/3% of the Unpaid Judgment, or $2,187,657.13, plus expenses, if recovery is made from sources other than the Fund; or b. 25% of the Unpaid Judgment, or $1,640,742.85, if recovery is made from the Fund;

3. Order Respondent to pay the fees, costs and expenses incurred by Claimants in these arbitration proceedings.

4. Order Respondent to pay the attorney fees incurred by Claimants in these proceedings.

5. Declare that Claimants have an attorney charging lien on the funds

6

6. Order Respondent to renew the judgment every 12 years until he has collected the full amount of the Unpaid Judgment and paid the agreed attorneys' fees in full.

### B. Respondent Requested Relief

1. Deny the claims asserted by Joshua M. Ambush, LLC, and Joshua M. Ambush (hereinafter "Ambush") against Rusnak in their entirety, including (a) breach of contract; (b) declaration of an attorney charging lien; and (c) request to renew the judgment every 12 years.

2. Declare that Rusnak did not breach his attorney retainer agreement with Ambush in connection with terminating Ambush as his counsel.

3. Declare that Ambush breached their duties to Rusnak as follows: Ambush violated Maryland Rules of Professional Conduct (hereinafter Maryland Rules) 19-301.2, 19-301.3, and 19-301.4 by: (a) misinterpreting the Fairness Act's eligibility requirements for lump sum catch-up payments ("catchup payments"); and (b) failing to counsel his clients that, in light of the ambiguities Ambush identified in the Fairness Act, they could protect their interests by filing an additional application for catchup payments with the USVSST Fund. (c) Ambush violated Maryland Rules 19-301.2, 19-301.3, and 19-301.4 by: (i) withdrawing Rusnak's punitive damages request without obtaining Rusnak's advance informed consent; (ii) failing to advise Rusnak of the option to maintain his punitive damages request and, if necessary, pursue an appeal; (iii) failing to adequately monitor material appellate developments in the Owens/Opati litigation or to conduct any other legal research related to the strategy he adopted; and (iv) representing to Rusnak that, even if he withdrew his punitive damages request, Rusnak could nevertheless seek punitive damages post-judgment—without informing Rusnak of the risk that punitive damages might not be resurrected post-judgment. (b). Ambush violated Maryland Rules 19-301.2, 19-301.3, and 19-301.4 by: ███████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ .(c) Ambush violated Maryland Rules 19- 301.2, 19-301.3, and 19-301.4 by: (i) seeking repeated extensions resulting from significant and unnecessary litigation delays; (ii) failing to inform

7

Case Number: 01-25-0000-0363

Rusnak in advance of those delays and the associated extension requests; and (iii) failing to seek Rusnak's consent to delay resolution of his claims so that Ambush could amend the complaint to add additional plaintiffs.

4. Declare the conduct by Ambush breached the standard of care owed to Rusnak.

5. Award Rusnak $685,442.38 in damages jointly and severally against Ambush for their conduct related to the catch-up payments.

6. Declare the conduct by Ambush relating to the punitive damage claim breached the standard of care owed to Rusnak.

7. Award Rusnak $7,000,000 in damages jointly and severally against Ambush, for their conduct related to the punitive damage claim.

8. Award Rusnak $109,256.82 owed jointly and severally by Ambush as compensation for the attorneys' fees Rusnak previously paid to Ambush. 3

9. Award Rusnak all costs and expenses incurred in connection with the arbitration, including the $48,747 in costs Rusnak has paid, owed jointly and severally by Ambush.

10. Award Rusnak prejudgment interest at 6% annual rate, calculated as $36,056.13 for the period between March 1, 2025, and January 14, 2026, and is owed jointly and severally by Ambush related to the catch-up payment claim.

11. Award Rusnak post-judgment interest at a 10% annual rate running from the date of the arbitral award and owed jointly and severally by Ambush.

## V.    FINDINGS OF ARBITRATOR

1. Respondent did not breach the contract with Ambush.

2. Claimants breached the standard of care (and as evidence thereof violated Maryland Rules of Professional Conduct) as alleged by Respondent. Claimants violated the applicable standard of care by withdrawing claim for punitive damages, as alleged by Respondent, including by failing to provide *informed* consent on the issue, by failing to file properly and timely in accord with the relevant statute for catch-up payments to the Fairness Fund, and by failing ███████████████████████████████████████████████.

3. Respondent Rusnak did not breach his attorney retainer agreement with Claimants Ambush in connection with terminating Ambush as his counsel. He terminated the agreement with

Case Number: 01-25-0000-0363

good cause.

4. As to the Respondent's counterclaim, Claimants committed malpractice in failing to file properly and timely for catch-up payments to the Fairness Fund. Respondent suffered actual damages of $685,422, a sum certain, and is entitled to pre-judgment interest in the amount of $36,056.13. However, Claimants' conduct regarding the punitive damage claim ████████████████████████████ do not amount to malpractice because Respondent has not proven any actual damages therefrom. All alleged damages therefrom are hypothetical, speculative and unlikely to occur.

5. Claimants breached their duties to Respondent Rusnak by misinterpreting the Fairness Act's eligibility requirements for lump sum catch-up payments ("catchup payments"); and failing to counsel his clients that, in light of the ambiguities Ambush identified in the Fairness Act, they could protect their interests by filing an additional application for catchup payments with the USVSST Fund, withdrawing Rusnak's punitive damages request without obtaining Rusnak's advance *informed* consent, failing to advise Rusnak of the option to maintain his punitive damages request and, if necessary, pursue an appeal, failing to adequately monitor material appellate developments in the Owens/Opati litigation or to conduct any other legal research related to the strategy he adopted, and representing to Rusnak that, even if he withdrew his punitive damages request, Rusnak could nevertheless seek punitive damages post-judgment—without informing Rusnak of the risk that punitive damages might not be resurrected post-judgment. Claimants failed to ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████████.

6. Respondent is entitled to reimbursement of attorney fees for this action, AAA arbitration fees and Arbitrator's fees.

7. Claimants are entitled to retain the fees received on Respondent's pro rata payments from the Fund as earned fees. Fee disgorgement for paid fees **DENIED.** Claimants did obtain a judgment against Iran in Respondent's favor. However, in light of the statutory cap on counsel fees, and the periodic payment from the Fund, and Respondent's need for legal representation in the future, Claimants are entitled to no further fees from Respondent.

9

Case Number: 01-25-0000-0363

8.

## FINAL AWARD

1. Claimants' request to declare Respondent breached the Agreement for failure to pay the attorneys' fees and reimburse the agreed expenses, **DENIED.**

2. Claimants' request to order Respondent pay Claimants' attorneys' fees of: (a) 33 1/3% of the Unpaid Judgment, or $2,187,657.13, plus expenses, if recovery is made from sources other than the Fund; or (b) 25% of the Unpaid Judgment, or $1,640,742.85, if recovery is made from the Fund, **DENIED.**

3. Claimants' claims against Respondent Rusnak for (a) breach of contract, (b) declaration of an attorney charging lien, and (c) request to renew the judgment every 12 years, **DENIED,**

4. Claimants' request to order Respondent to pay fees, costs and expenses incurred by Claimants in these arbitration proceedings, **DENIED.**

5. Claimants' request to order Respondent to pay attorney fees incurred by Claimants in these proceedings, **DENIED.**

6. Claimants' request for an attorney charging lien on the funds, **DENIED**

7. Claimants' request to order Respondent to renew the judgment every 12 years until he has collected the full amount of the Unpaid Judgment and paid the agreed attorneys' fees in full, **DENIED.**

8. **GRANTED.** Respondent Rusnak is awarded $685,442.38 in damages jointly and severally against Ambush for their conduct related to the catchup Fund payments.

9. **DENIED.** Respondent Rusnak's claim for $7,000,000.00 in damages jointly and severally against Ambush, for their conduct related to the punitive damages claim.

10. **DENIED.** Respondent Rusnak's claim for disgorgement or compensation for $109,256.82 paid as compensation for the attorneys' fees.

11. **GRANTED.** Respondent Rusnak is awarded all costs and fees incurred in connection with this arbitration (as set forth below), plus $1,047.23 costs Respondent Rusnak has paid, owed jointly and severally by Ambush.

12. **GRANTED.** Respondent Rusnak is awarded prejudgment interest at a 6% annual rate, calculated as $36,056.13 for the period between March 2025 and January 14, 2026, and is owed

10

jointly and severally by Ambush.

13. **GRANTED.** Respondent's request for delivery of his personal file to Respondent's new counsel.

The total Award, not including administrative fees of the American Arbitration Association, amounts to **$722,545.74.**

In addition, the administrative fees of the American Arbitration Association totaling $33,000.00 and the compensation of the arbitrator totaling $45,350.00 shall be borne jointly and severally, by Claimants, Joshua M. Ambush, LLC and Joshua M. Ambush. Therefore, Claimants, Joshua M. Ambush, LLC and Joshua M. Ambush shall reimburse Respondent, Elvis J. Rusnak the sum of $36,475.00 representing that portion of said fees previously incurred and paid by Respondent, Elvis J. Rusnak.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

February 20, 2026                    *Irma S. Raker*
Date                                 Hon. Irma S. Raker


I, Hon. Irma S. Raker, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

February 20, 2026                    *Irma S. Raker*
Date                                 Hon. Irma S. Raker

11

Case Number: 01-25-0000-0363