**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

JOSHUA M. AMBUSH, LLC, *et al.*

        Petitioners,

v.

ELVIS J. RUSNAK,

        Respondent.

Civil Action No. 1:26-cv-01247-CKK

**ELVIS J. RUSNAK'S MOTION TO IMMEDIATELY STAY PROCEEDINGS PENDING
RESOLUTION OF HIS MOTION UNDER THE FIRST-FILED DOCTRINE OR,
ALTERNATIVELY, TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

To conserve party and judicial resources, Respondent Elvis J. Rusnak ("Respondent") respectfully moves this Court for an immediate stay pending resolution of Mr. Rusnak's motion under the first-to-file rule and to transfer under 28 U.S.C. § 1404(a).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Indeed, "a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Int'l Painters & Allied Trades Indus. Pension Fund v. Painting Co.*, 569 F. Supp. 2d 113, 120 (D.D.C. 2008) (cleaned up).

Mr. Rusnak filed a motion today, under the first-to-file rule and 28 U.S.C. § 1404(a), for an order: (a) dismissing this action under the first-to-file rule; (b) in the alternative, transferring

1

this action to the United States District Court for the District of Maryland; or (c) in the alternative, staying this action pending resolution of the prior-filed action in the District of Maryland.

That motion is highly likely to succeed. More than two weeks *before* Petitioners Joshua M. Ambush and Joshua M. Ambush, LLC ("Petitioners" or "Ambush") filed their Petition to Vacate an Arbitration Award in this Court, Respondent Elvis J. Rusnak filed on March 30, 2026 a Petition to Confirm the same Arbitration Award in the United States District Court for the District of Maryland. *See* Pet. to Confirm Arbitration Award, *Rusnak v. Ambush* ("Maryland Action"), No. 1:26-cv-01262 (D. Md. Mar. 30, 2026), ECF No. 1. The two petitions involve the same parties, arise from the same arbitration proceeding, and present the mirror image of the same dispute: whether the arbitration award should stand. Moreover, the Maryland Action is the proper forum for resolution of this dispute—it was filed first, and every relevant factor favors adjudication there. Indeed, the Maryland court already entered a default against Petitioners Joshua M. Ambush and Joshua M. Ambush, LLC after finding that they were properly served but failed to answer within the time permitted.

As such, an immediate stay is warranted here. *See, e.g.*, *Bartolucci v. 1-800 Contacts, Inc.*, 245 F. Supp. 3d 38, 44 n.6 (D.D.C. 2017) (staying "all proceedings other than defendant's section 1404(a) motion to transfer"). "[A]lthough district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (citations omitted); *see also In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."). Staying a duplicative case is particularly warranted when a first-filed action is already proceeding in another court. That's because permitting both actions to proceed simultaneously

would result in the precise "wastefulness of time, energy and money" that the first-to-file rule and 28 U.S.C. § 1404(a) are designed to prevent. *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960).

These considerations apply with special force in the arbitration context. The Supreme Court has counseled that, when competing petitions to confirm and vacate arbitration awards are filed in different courts, "under principles of deference to the court of first filing, the [second-filed] court should . . . consider[] staying its hand." *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 198 (2000). The relevant facts here support following the Supreme Court's guidance.

For all these reasons, and to conserve party and judicial resources, Elvis J. Rusnak respectfully moves this Court for an immediate stay pending resolution of Mr. Rusnak's motion under the first-to-file rule and to transfer under 28 U.S.C. § 1404(a).

Dated: May 1, 2026                                    Respectfully submitted,

                                                      */s/ Robert A. Braun*
                                                      Robert A. Braun
                                                      D.C. Bar No. 1023352
                                                      Cohen Milstein Sellers & Toll PLLC
                                                      1100 New York Ave. NW, Suite 800
                                                      Washington, DC 20005
                                                      Tel: (202) 408-4600
                                                      Fax: (202) 408-4699
                                                      rbraun@cohenmilstein.com

                                                      *Attorney for Respondent Elvis J. Rusnak*