**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JOSHUA M. AMBUSH, LLC, and**
**JOSHUA M. AMBUSH,**

      Petitioners,

v.

**ELVIS J. RUSNAK,**

      Respondent,

Civil Action No. 26-cv-01247 (CKK)

## OPPOSITION TO PETITIONERS' NOTICE

Respondent Elvis J. Rusnak, by and through undersigned counsel, respectfully submits this opposition to Petitioners' Notice of Consent to Transfer ("Notice"). The appropriate relief—and that sought by Respondent pursuant to the first-to-file rule—is dismissal, not transfer. Under this rule, a later-filed, duplicative action is ordinarily dismissed or stayed in favor of the first-filed action. *See Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003) (recognizing that district courts have discretion to "dismiss or stay a pending suit" when confronted with parallel litigation in separate federal forums); *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) ("[W]here two cases between the same parties on the same cause of action are commenced in two different federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." (citation modified)).

Here, dismissal is warranted. The Maryland and D.C. actions are entirely duplicative of one another and the relief sought in each is inherently mutually exclusive. Resolution of the Maryland action will necessarily resolve the issues presented in this action. Moreover, dismissal is particularly appropriate in light of recent developments. Rusnak has agreed to vacate the entry of default in the Maryland action, and Joshua M. Ambush, LLC and Joshua M. Ambush have

agreed to withdraw their motion to dismiss and request for a stay. As a result, the Ambush parties will have an opportunity to present their arguments in the Maryland proceedings through the ordinary course of litigation.

In addition, since filing their motion to dismiss in this action, Joshua M. Ambush LLC and Joshua M. Ambush have filed a cross-petition in the Maryland action seeking to vacate the arbitration award. If this Court were to transfer this case to the District of Maryland, that court would be required to adjudicate two separate petitions seeking the same relief. Rather than promote efficiency, transfer would create unnecessary procedural and practical complications, a consideration that weighs strongly against transfer.

Respondent's request for dismissal is fully briefed and presents the proper remedy under the first-filed rule. Petitioners' impermissible and untimely surreply (couched as a belated consent to transfer filed months after briefing closed) does not warrant a different result. At this stage, transfer would serve only to complicate the Maryland proceedings. Dismissal, by contrast, is the remedy most consistent with the first-filed rule and that best advances the rule's underlying purpose of judicial economy.

Dated: July 14, 2026

/s/ Robert A. Braun
Robert A. Braun (D.C. Bar No. 1023352)
**COHEN MILSTEIN SELLERS & TOLL LLP**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
RBraun@cohenmilstein.com

*Attorney for Respondent Elvis J. Rusnak*

2