**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOSHUA M. AMBUSH, LLC, *et al.*,

      Petitioners,

      v.

ELVIS J. RUSNAK,

      Respondent.

Civil Action No. 26-1247 (CKK)

**MEMORANDUM OPINION**
(July 23, 2026)

Petitioners, an attorney and his law firm, initiated this action against Respondent, a former client, seeking to vacate an arbitral judgment awarded in favor of Respondent. Respondent moves to dismiss Petitioners' action on the basis that Respondent filed a petition to *confirm* that same arbitral award in the District of Maryland two weeks before Petitioners filed their petition to vacate here. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court shall **GRANT** Respondent's [4] Motion to Dismiss.

**I.**

Petitioner Joshua M. Ambush is a Maryland resident and attorney licensed to practice law in Maryland and the District of Columbia. Petition ¶ 2. Joshua M. Ambush is the sole member of Petitioner Joshua M. Ambush, LLC, which is a limited liability company organized under the laws of Maryland with its headquarters in Baltimore, Maryland. *Id.* ¶ 1. Together, the Court shall refer to Petitioners collectively as "Ambush."

---

[1] The Court's consideration has focused on Petitioners' Petition to Vacate Arbitration Award, Dkt. No. 1 ("Pet."); Respondent's Motion to Dismiss, Dkt. No. 4 ("Resp.'s Mot."); Petitioners' Opposition, Dkt. No. 8 ("Pet'rs' Opp'n"); Respondent's Reply, Dkt. No. 9 ("Resp.'s Reply"); Petitioners' Notice of Consent to Transfer, Dkt. No. 12 ("Pet'rs' Not."); Respondent's Opposition to Petitioners' Notice, Dkt. No. 13 ("Resp.'s Opp'n").

1

Respondent Elvis J. Rusnak ("Rusnak") is a New Jersey resident.  *Id*. ¶ 3.  In 1996, Rusnak was injured in a terrorist attack while serving in the United States Air Force.  Resp.'s Mot. at 2. In 2017, Rusnak and Ambush executed an "Attorney Representation Agreement," under which Ambush "provided legal services to Rusnak in bringing a claim in the United States District Court for the District of Columbia against the Islamic Republic of Iran for its material support" of the 1996 terrorist attack that injured Rusnak.  *Id*. ¶ 5.  On June 27, 2019, Rusnak was awarded default judgment in the amount of $7 million against Iran.  *Id*. ¶ 6 (citing *Schooley v. Islamic Republic of Iran*, Case No. 17-cv-1376 (BAH)).

On July 18, 2019, Ambush filed an application with the U.S. Victims of State Sponsored Terrorism Fund ("USVSSTF" or "Fund") and requested payment of Rusnak's default judgment. *Id*.  On July 6, 2020, the Fund confirmed that Rusnak was eligible to receive the requested $7 million.  *Id*.  On August 28, 2020, the Fund made a $408,697.33 payment to Rusnak—a little over 5% of the awarded damages—and, under the terms of their Agreement, Ambush received a contingency fee equaling 25% of the payment.  *Id*.  On December 30, 2022, the Fund made an additional payment of $21,248.47 to Rusnak, $7,082.82 of which was paid to Ambush under the Agreement.  *Id*.

On November 21, 2024, Ambush was notified that Rusnak had informed the Fund that Ambush no longer represented him.  *Id*. ¶ 7.  Rusnak formally terminated Ambush's representation on December 18, 2024.  *Id*.  Pursuant to the parties' Representation Agreement, Ambush initiated arbitration proceedings against Rusnak on January 3, 2025, claiming that Rusnak breached the Agreement by failing to pay one of the two alternative contingency fees: 33.3% of the unpaid default judgment, or $2,187,657.13, plus expenses, if recovery was made from sources other than the Fund; or 25% of the unpaid judgment, or $1,640,742.85, if recovery was made from the Fund.

2

*Id*.  Rusnak filed an answer opposing Ambush's claim and asserted a counterclaim for legal malpractice.  *Id*.

On February 20, 2026, an arbitral award was entered in Rusnak's favor.  *Id*. ¶ 8.  The award found that Rusnak terminated the Agreement for cause.  *Id*.  It also found that Ambush breached the standard of care by failing to qualify Rusnak for lump sum catch-up payments from the Fund and accordingly awarded Rusnak $685,422 in damages and $36,056.13 in pre-judgment interest.  *Id*.

\* \* \*

On April 14, 2026, Ambush filed with this Court a Petition to Vacate the arbitral award.  *See* Pet., Dkt. No. 1.  Shortly thereafter, Rusnak moved to dismiss Ambush's Petition to Vacate.  *See* Resp.'s Mot., Dkt. No. 4.  Rusnak argues that dismissal is warranted under what he calls the "first-to-file rule."  *See id.* at 4–6 (arguing that "this action should be dismissed under the first-to-file rule").  In a nutshell, Rusnak argues that Ambush's Petition to Vacate should be dismissed because it was filed more than two weeks after Rusnak filed a Petition to Confirm the arbitral award in the United States District Court for the District of Maryland on March 30, 2026.  *Id*.  Rusnak also raises two alternatives: "[s]hould the Court decline to dismiss this action," Rusnak argues, then "it should transfer it to the District of Maryland under 28 U.S.C. § 1404(a);" and "[s]hould the Court decline both to dismiss and to transfer this action," then Rusnak argues "it should stay these proceedings pending resolution" of the Maryland proceedings.  *See* Resp.'s Mot., Dkt. No. 4.  Ambush objected to the entirety of Rusnak's motion.  *See* Pet'rs' Opp'n.

On July 13, 2026, Ambush filed a Notice rescinding his prior objection to transfer and "request[ing] that this Court transfer this action to the District of Maryland under 28 U.S.C. § 1404(a)."  Pet'rs' Notice at 1.  Unfortunately, the effect of Ambush's newfound consent to transfer

3

has been mitigated by Rusnak's newfound objection to transfer. Given recent developments in the Maryland litigation—including Rusnak's consent to vacating an entry of default entered in the District of Maryland and Ambush's filing of a cross-motion to vacate the arbitral award—Rusnak now argues that "transfer would serve only to complicate the Maryland proceedings," and that dismissal "is the remedy most consistent with the first-filed rule and that best advances the rule's underlying purpose of judicial economy." Resp.'s Opp'n, Dkt. No. 13.

Accordingly, the Court shall consider whether dismissal of this action is warranted

**II.**

"Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided." *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975). When there is parallel litigation between two federal district courts, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In this situation, "[s]o long as the parallel cases involve the same subject matter, the district court should—for judicial economy—resolve both suits in a single forum." *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003). While some courts apply "the so-called 'first-to-file' rule" to determine which district court should adjudicate the consolidated case, courts in this Circuit "must balance equitable considerations rather than using [] a mechanical rule of thumb." *Id*. (citing *Columbia Plaza*, 525 F.2d at 628) (quotations omitted).

**III.**

After balancing the relevant considerations, the Court shall dismiss Ambush's present action so that the parties' dispute may be resolved in the District of Maryland.

At the outset, the present action and the action initiated by Rusnak in the District of Maryland "are parts of a single controversy." *Columbia Plaza*, 525 F.2d at 626. They involve the

4

same parties and the same arbitral award. The only difference between the two is that, in this action, Ambush seeks to *vacate* the arbitral award, while in the Maryland action, Rusnak seeks to *confirm* the arbitral award. The two actions, in other words, are "parallel cases involve[ing] the same subject matter." *Handy*, 325 F.3d at 350. Accordingly, the Court concludes that this dispute should be resolved in the same forum. *See id*.; *Columbia Plaza*, 525 F.2d at 626.

The Court further concludes that this dispute should be resolved in the District of Maryland. A variety of considerations support this conclusion. First, while not dispositive, *see Handy*, 325 F.3d 350, "the usual rule in this circuit has been that where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." *UtahAmerican Energy, Inc. v. Dep't of Lab.*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) (quoting *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (cleaned up). The parties do not dispute that Rusnak filed his petition to confirm in the District of Maryland more than two weeks before Ambush filed his Petition with this Court. Resp.'s Reply at 1.

Moreover, equitable considerations do not weigh against dismissing Ambush's present action in favor of Rusnak's earlier-filed Maryland action. *See id*. There is no suggestion that Rusnak initiated the Maryland action for purposes of forum shopping, or in bad faith, or as an anticipatory filing. Resp.'s Mot. at 4. In fact, the only equitable consideration raised by Ambush in opposition—that the default proceedings in Maryland may prejudice his action, Pet'rs' Opp'n at 6—are moot, as Rusnak has consented to vacating the entry of default and Ambush has consented to litigating the matter in Maryland. Finally, the Court agrees with Rusnak that Maryland is the "natural and appropriate forum" for the parties' dispute—Ambush is a Maryland resident, the arbitration occurred in Maryland, the parties' representation agreement is governed

by Maryland law, and the underlying dispute concerns the professional conduct of a Maryland attorney and law firm.  Resp.'s Mot. at 6.

**IV.**

The Court concludes that Ambush's present action is parallel to Rusnak's earlier-filed action in the District of Maryland.  After balancing the relevant considerations, the Court further concludes that the District of Maryland is the appropriate forum for this dispute.  Accordingly, for the foregoing reasons, it is hereby **ORDERED** that Respondent's [4] Motion to Dismiss is **GRANTED** and this case is **DISMISSED** without prejudice.  An Order shall accompany this Memorandum Opinion.

**SO ORDERED.**

**Dated:**  July 23, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge