**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSHUA M. AMBUSH, LLC, *et al.*, | ) | |
| | ) | |
| *Petitioners,* | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-01247 (CKK) |
| | ) | |
| ELVIS J. RUSNAK, | ) | |
| | ) | |
| *Respondent.* | ) | |

**PETITIONERS' REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT**

## INTRODUCTION

Rusnak himself requested transfer as an alternative remedy in his motion to dismiss before this Court. ECF 4 at 1, 7-11, 12. But once the Ambush Parties consented to that very transfer, Rusnak reversed course and opposed it. ECF 13. In advocating for dismissal, Rusnak assured the Court that "the Ambush parties will have an opportunity to present their arguments in the Maryland proceedings," *id.* at 2, without disclosing the timeliness challenge he had already raised there. Rusnak's opposition offers no explanation for this bait-and-switch. Instead, he blames the Ambush Parties for not calling it out earlier. But that argument ignores the timeline: Rusnak waited until briefing had closed in this Court to spring the procedural argument that could leave the Ambush Parties with no forum. Maryland Action, ECF 14. To obscure his own gamesmanship, Rusnak characterizes the clear prejudice to the Ambush Parties as "self-inflicted"—a theory that rests on speculation and ad hominem attacks rather than anything in the record. Rusnak posits that the Ambush Parties irrationally made a "strategic choice" to "delay" filing a cross-petition in Maryland by one day. In similar disregard for fact and logic, Rusnak argues that *he* will be prejudiced if the action is transferred because additional briefing will be required. But the merits of the confirmation and vacatur arguments have been fully briefed in both courts, and transfer would simply allow the Maryland court to bypass a disputed procedural issue—the timeliness of the Maryland cross-petition—and get straight to the merits.

The Court dismissed the Ambush Parties' petition so that "the parties' dispute may be resolved in the District of Maryland." ECF 15 at 4. The result of dismissal—and of Rusnak's bait-and-switch—is that no court may ever hear the Ambush Parties' vacatur arguments on the merits. Rule 59(e) exists to prevent this kind of manifest injustice. The Ambush Parties ask only that this Court substitute transfer for dismissal.

## ARGUMENT

### I. Altering the Judgment Would Not Unduly Prejudice Rusnak.

Rusnak contends that altering the judgment to vacate this Court's dismissal and instead transfer the Ambush Parties' petition to vacate (ECF 1) to the District of Maryland would "unduly prejudice Rusnak" by "trigger[ing] another round of briefing in Maryland, multiply the litigation costs to Rusnak, and further delay confirmation of an award issued many months ago[.]" ECF 17 at 14. That contention is puzzling, at best. The merits of confirmation and vacatur are already fully briefed in Maryland, and transfer would not require the parties to re-litigate any issue. Rather, transfer would allow the Maryland court to bypass the contested procedural issue of timeliness—given that the Ambush Parties' petition here was indisputably timely—and rule on the merits.

All three rounds of merits briefing in Maryland are complete: Rusnak filed his Motion to Confirm Arbitration Award (Maryland Action, ECF 14), the Ambush Parties filed their comprehensive opposition to confirmation and brief in support of their cross-petition to vacate (Maryland Action, ECF 33), and Rusnak filed his reply (Maryland Action, ECF 39). The parties have thus presented all substantive arguments for and against confirmation and vacatur, so nothing remains to brief on the merits.

Transfer would add one thing only: an irrefutably timely petition to vacate. The Ambush Parties filed their petition to vacate in this Court on April 14, 2026—less than two months after the arbitration award issued and well within the three-month window prescribed by 9 U.S.C. § 12. That timeliness is not in dispute. Transfer would thus preserve that timely filing and allow the Maryland court to consolidate it with the already-briefed proceedings, eliminating any need to resolve whether "three months" under Section 12 means 90 days or a calendar-month computation. *See* Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3846 (4th ed.) (a transferred action retains its procedural posture). Notably, Rusnak himself requested transfer as one of three alternative

remedies in his motion to dismiss. *See* ECF 4 at 1, 7-11, 12. He cannot plausibly recast that same remedy as unduly prejudicial merely because the Ambush Parties have now consented to it. *See* ECF 12.

Rusnak suggests that even if his timeliness argument prevails in the Maryland Action, the court there may still consider the Ambush Parties' vacatur arguments. *See* ECF 17 at 13 n.3. But this is precisely the opposite of what Rusnak has argued in the Maryland Action, where he urged the court that "[t]he untimeliness of the Cross-Petition also forecloses Respondents from raising vacatur arguments in opposition to confirmation." Maryland Action, ECF 39 at 3.

Rusnak also warns that transfer would "generate additional disputes over which arguments, if any, may properly be considered post-transfer." ECF 17 at 15. But any such scope question can be managed through ordinary case-management authority, and the Maryland court does not need this Court to resolve it. Indeed, the concern itself reveals Rusnak's real objection to transfer: not procedural burden, but that the vacatur arguments would be adjudicated on the merits. That is not cognizable prejudice. *See Eng.-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004) (strong presumption in favor of adjudications on the merits).[1]

Finally, Rusnak is wrong to argue that he will suffer prejudice from a transfer because the Ambush Parties' petitions to vacate raise different arguments. In truth, the two petitions are nearly identical. *Compare* ECF 1 ¶¶ 9-17 (arguing that the arbitrator exceeded her powers and acted in manifest disregard for the law because the Ambush Parties followed the USVSST's directive in

---

[1] To that end, Rusnak also argues that granting relief would "undermine the core purposes" of the FAA by rewarding delay. ECF 17 at 15-16. The opposite is true. Transfer would promote finality by consolidating the proceedings and allowing the Maryland court to resolve the merits in a single action—while eliminating the need for the Maryland court to resolve whether the Ambush Parties' cross-petition was one day late under a contested computation. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 220-21 (1985) (observing that the FAA's "preeminent concern" is "enforc[ing] private agreements into which parties had entered," not efficiency).

not filing a duplicative application and ignored clearly established Maryland law on legal malpractice), with Maryland Action, ECF 12 ¶¶ 9-24 (arguing the same).

## II. Ambush Does Not Impermissibly Raise New Arguments.

Rusnak argues that the Ambush Parties cannot now raise the concern that this Court's dismissal, combined with Rusnak's timeliness challenge in Maryland, may foreclose any court from hearing the Ambush Parties' vacatur arguments. *See* ECF 17 at 11-14. He contends this argument was "available before judgment and deliberately omitted" and that Rule 59(e) cannot be used to advance it now. *Id.* at 12. The chronology tells a different story.

Rusnak misleadingly asserts that "Ambush never argued in their briefing before this Court that dismissal was inappropriate because the Maryland court might find that their Maryland vacatur petition is untimely," *id.*, but the Ambush Parties could not have raised that argument because Rusnak did not challenge timeliness until after briefing closed. Briefing on Rusnak's motion to dismiss in this Court closed on May 29, 2026, with Rusnak's reply. ECF 9. At that point, Rusnak had not raised timeliness objections in this Court or in Maryland. It was not until five days later, on June 3, 2026, that Rusnak first argued in his Maryland motion to confirm the arbitration award that the Ambush Parties' cross-petition to vacate was untimely because it was filed "one day after the [three-month] statutory deadline." Maryland Action, ECF 14 at 18. The Ambush Parties had no opportunity to brief that issue in connection with Rusnak's motion to dismiss. *See* ECF 3 at 5 (no sur-reply as a matter of right). Two weeks after Rusnak raised the timeliness argument, the parties agreed in Maryland that the Ambush Parties would withdraw their improper service objections and Rusnak would vacate the entry of default, such that the vacatur arguments could be resolved by the Maryland court. Because no further briefing was permitted here, the Ambush Parties submitted a non-argumentative notice of consent to transfer to ensure the timely-filed petition for vacatur would be considered on the merits along with Rusnak's motion to confirm.

ECF 12. When Rusnak filed a procedurally improper opposition brief to the Ambush Parties' notice on July 14, 2026—in which he represented that "the Ambush parties will have an opportunity to present their arguments in the Maryland proceedings," ECF 13 at 2—the Ambush Parties were not authorized to file a reply in support of their notice of consent. *See* Loc. Civ. R. 7(d) (authorizing replies only in support of motions). Only nine days later, the Court granted Rusnak's motion to dismiss, seemingly in reliance on Rusnak's contention that the merits of the dispute would be resolved in Maryland.

Here, the Ambush Parties are not relitigating an old argument or raising one they sat on. They are responding to a development that arose after briefing closed in this Court—Rusnak's timeliness challenge in a separate proceeding—that was expanded after judgment to foreclose even vacatur arguments raised in opposition to confirmation. *See* Maryland Action, ECF 39 at 3-4.

## III. Prejudice to the Ambush Parties Is Not "Self-Inflicted."

Rusnak's self-inflicted prejudice theory rests entirely on speculation and ad hominem attacks. Rusnak asserts that the Ambush Parties employed an "informed and intentional litigation strategy" and that "[i]f the Maryland court ultimately concludes that the [c]ross-[p]etition was untimely, that result will stem entirely from Ambush's own choices[.]" ECF 17 at 7, 9. But Rusnak offers no evidence of deliberate strategic maneuvering—only the fact that the Ambush Parties, then proceeding with prior counsel, filed their cross-petition in Maryland on May 21, 2026, rather than May 20, 2026. Rusnak does not explain why the Ambush Parties—or anyone—would deliberately file one day late as part of a "conscious litigation strategy."[2]

[2] This assumes, for the sake of argument, that the Ambush Parties' cross-petition filed on May 21, 2026 was actually late under the statutory period. Whether the Ambush Parties' filing was late is a genuinely contested question of statutory interpretation, and the Ambush Parties maintain that it was not.

The record tells a different story. The Ambush Parties were entitled to file their vacatur petition in this Court. *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000) (holding the FAA's venue provisions are permissive, allowing a motion to confirm or vacate in either the district where the award was made or in any district proper under the general venue statute). They did so believing Rusnak had improperly served them in Maryland under Rule 5 rather than Rule 4, and thus considering this Court to be the first-filed forum. Maryland Action, ECF 12 at 1. They filed their cross-petition in Maryland only to preserve their right to argue vacatur there. After the Ambush Parties retained current counsel, they moved promptly to simplify the proceedings. Through a joint motion in the Maryland Action, the Ambush Parties withdrew their improper service objections and Rusnak agreed to vacate the entry of default so that the Maryland litigation could move forward on the merits (or so the Ambush Parties thought). *See* Maryland Action, ECF 28 (filed June 16, 2026). Current counsel entered an appearance in this Court on July 10, 2026, ECF 11, and three days later the Ambush Parties notified the Court that they no longer opposed transfer to Maryland. ECF 12. These are not the actions of a party pursuing delay.

Unable to ground his self-inflicted prejudice theory in the record, Rusnak resorts to ad hominem attacks. He cites Mr. Ambush's website and an unrelated case from over a decade ago to argue that these "circumstances support the inference that Ambush was employing an informed and intentional litigation strategy" here. ECF 17 at 7-8 (citing *Est. of Berganzo-Colón ex rel. Berganzo v. Ambush*, 704 F.3d 33, 38 (1st Cir. 2013)). But Ambush is not self-represented here, and in any event, none of this information is relevant to the Rule 59(e) analysis. The question before this Court is whether the judgment of dismissal should be altered to a transfer to prevent

manifest injustice—not whether Mr. Ambush's professional background or litigation history in an unrelated matter means he must "deserve" injustice in this one.[3]

Rusnak's legal authorities fare no better. In *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015), the record contained substantial evidence that the plaintiffs had made a strategic choice to omit certain jurisdictional bases from their complaint, which was then dismissed for lack of jurisdiction. *See id.* at 80, 81 n.3. The court denied Rule 59(e) relief because the plaintiffs were attempting to correct a strategic choice to "place[] all of their jurisdictional eggs in one basket, despite the [c]ourt's multiple invitations to address other jurisdictional bases[.]" *Id.* at 81. Here, by contrast, Rusnak points to no comparable record evidence—only speculation of strategic maneuvering.

*Morrissey v. Mayorkas*, 17 F.4th 1150 (D.C. Cir. 2021) is even further afield. There, the district court reminded the plaintiffs of their obligation to serve a federal officer in his official capacity, gave them an additional two weeks to correct the deficiency, and they still failed to do so. *Id.* at 1155-56, 1157, 1163. The D.C. Circuit affirmed denial of Rule 59(e) relief where the plaintiffs had received direct warnings of the precise defect and ignored them. Here, no court warned the Ambush Parties of any timeliness issue, and Rusnak himself did not raise one until after briefing closed in this Court.[4]

But the most basic flaw in Rusnak's self-inflicted prejudice theory is that the Ambush Parties' petition to vacate in this Court was irrefutably timely. The Ambush Parties seek only to

[3] Even so, to be clear, the award in the underlying arbitration with Respondent Rusnak is not a reflection of Mr. Ambush's character or strategic thinking; the award was simply wrong and contrary to law.

[4] *In re Black Farmers Discrimination Litig.*, 290 F.R.D. 325 (D.D.C. 2012), is likewise inapposite. There, the movant admitted that it knew of its removal as a party, took no action before final approval of the settlement agreement, and only then filed a Rule 59(e) motion for reconsideration of its exclusion.

preserve that timely filing through transfer to the Maryland court, where the merits are already briefed. Indeed, the requested relief does not represent a "fundamental change" to the judgment. ECF 17 at 10 n.2. Accordingly—and contrary to Rusnak's assertion—the cases cited by the Ambush Parties in support of their Motion, ECF 16-1 at 6-7, are apposite. Each involved what Rusnak himself calls 'inadvertent errors' or 'clarifying language'—and that is precisely what is at stake here. *See GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 175, 180 (4th Cir. 2007) (amending dismissal with prejudice to without prejudice to avoid preclusive effect in parallel proceeding); *Belair v. Lombardi*, 151 F.R.D. 698, 699-700 (M.D. Fla. 1993) (clarifying that claims could still be brought in state court); *Hunt v. U.S. Dep't of Veteran Affs.*, No. CIV.A. 11-1210 RJL, 2013 WL 595883 (D.D.C. Feb. 14, 2013) (clarifying scope of judgment). As for *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346 (D.C. Cir. 2003), the case is hardly irrelevant: In its dismissal order, this Court relied on *Handy*'s equitable framework to conclude that this dispute should be resolved in a single forum. *See* ECF 15 at 4-5.

The Court dismissed the Ambush Parties' petition so that "the parties' dispute may be resolved in the District of Maryland." ECF 15 at 4. That ruling presumably rested on the reasonable expectation—reinforced by Rusnak's representation that "the Ambush parties will have an opportunity to present their arguments in the Maryland proceedings," ECF 13 at 2—that dismissal and transfer would produce the same result. But if Rusnak's timeliness argument succeeds in Maryland, dismissal will have foreclosed any court from hearing the Ambush Parties' vacatur arguments. *See, e.g.*, *First Kuwaiti Gen. Trading & Contracting W.L.L. v. Kellogg Brown & Root Int'l, Inc.*, 141 F.4th 522, 528 (4th Cir. 2025) (refusing to consider arguments raised in untimely motion to vacate and granting competing motion to confirm). The Ambush Parties thus respectfully

ask the Court to substitute transfer for dismissal so that the result matches what the Ambush Parties believe the Court intended to accomplish.

## CONCLUSION

For the foregoing reasons, the Ambush Parties respectfully request that the Court grant their Motion to Alter or Amend the Judgment, and alter or amend the judgment to vacate the dismissal, reinstate the petition, and transfer this matter for consolidation with the Maryland Action.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Matthew D. McGill*

Matthew D. McGill
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, Suite 900
Washington, D.C. 20006
Tel: (202) 626-2627
Fax: (202) 626-3737
Email: matthew.mcgill@kslaw.com

*Counsel for Petitioners Joshua M. Ambush, LLC and Joshua M. Ambush*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which automatically sends notification to the following:

Robert A. Braun
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
rbraun@cohenmilstein.com
*Counsel for Respondent*

*/s/ Matthew D. McGill*
Matthew D. McGill

*Counsel for Petitioners Joshua M. Ambush, LLC and Joshua M. Ambush*