**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSHUA M. AMBUSH, LLC, *et al.*,<br>Petitioners,<br>v.<br>ELVIS J. RUSNAK,<br>Respondent. | Civil Action No. 26-1247 (CKK) |

**MEMORANDUM OPINION**
(September 2, 2026)

On July 23, 2026, the Court dismissed this action pursuant to Respondent's motion. Petitioners now move the Court under Federal Rule of Civil Procedure 59(e) to withdraw its order of dismissal and replace it with an order of transfer to the District of Maryland. Petitioners' sole argument is that they may be subject to "manifest injustice" if the Court does not grant their request. Because the Court concludes that manifest injustice does not exist here, it shall **DENY** Petitioners' [16] Motion to Alter Judgment.

**I.**

The Court has detailed the background of this action in a prior Memorandum Opinion. *See* Mem. Op., Dkt. No. 15. In summary form, Petitioners, an attorney and his law firm, initiated this action against Respondent, a former client, seeking to vacate an arbitral judgment awarded in favor of Respondent. *See* Dkt. No. 1. But not before Respondent initiated a separate action in the District of Maryland to *confirm* that same arbitral judgment. *See Rusnak v. Ambush*, No. 26-cv-01262, Dkt. No. 1 (D. Md. Mar. 30, 2026) (the "Maryland Action").

Respondent moved to dismiss Petitioners' action based on its connection to the prior-filed Maryland Action. Dkt. No. 4. The Court granted Respondent's motion on July 23, 2026, finding

that Petitioners' action was part of the same controversy as the Maryland Action and that the relevant considerations weighed in favor of resolving the matter through the Maryland Action. *See* Order, Dkt. No. 14; Mem. Op., Dkt. No. 15.

On August 10, 2026, Petitioners filed a Motion to Alter Judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 16. Petitioners ask the Court to withdraw its prior Order dismissing the case and replace it with an order transferring the case to the District of Maryland, instead. *See* Pet'rs' Mem., Dkt. No. 16-1. Petitioners argue that such alteration is warranted because there is a possibility that the court in the Maryland Action may dismiss as untimely the cross-petition for vacatur that Petitioners filed there on May 21, 2026. *Id.* This is the first time Petitioners have raised this concern.

Respondent opposes Petitioners' request. The issue is ripe. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court shall **DENY** Petitioners' [16] Motion to Alter Judgment.

**II.**

Motions to alter or amend a judgment under Rule 59(e) "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (TFH). Such motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

[1] The Court's consideration has focused on Petitioners' Motion to Alter Judgment, Dkt. No. 16 ("Pet'rs' Mot."); Respondent's Opposition to Petitioners' Motion to Alter Judgment, Dkt. No. 17 ("Resp.'s Opp'n"); and Petitioners' Reply in Support of the Motion to Alter Judgment, Dkt. No. 18 ("Pet'rs' Reply").

"Manifest injustice" is "an exceptionally narrow concept in the context of a Rule 59(e) motion." *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013) (BAH). It "must entail more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Id.* at 35–36. Manifest injustice does not exist "where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Morrissey v. Mayorkas*, 17 F.4th 1150, 1160–61 (D.C. Cir. 2021) (quoting *Ciralsky*, 355 F.3d at 673); *see also In re Black Farmers Discrimination Litig.*, 290 F.R.D. 325, 333 (D.D.C. 2012) (PLF) (holding that manifest justice did not exist because the movant's "own conduct contributed" to the circumstances they complained of). Moreover, regardless of the ground invoked, "a losing party may not use a Rule 59 motion to raise new issues that could have been raised previously." *Kattan ex rel. Thomas v. D.C.*, 995 F.2d 274, 276 (D.C. Cir. 1993).

**III.**

Respondent argues that Petitioners have failed to show that they would suffer "manifest injustice" because (1) their claimed prejudice "is entirely self-inflicted" and (2) their motion "impermissibly raises arguments that were available before judgment but were never presented to this Court." Resp.'s Opp'n at 6–7. The Court agrees and shall therefore **DENY** Petitioners' [16] Motion to Alter Judgment.

First, manifest injustice does not exist here because Petitioners "could have easily avoided" the hypothetical outcome they complain of. *Morrissey*, 17 F.4th at 1160–61. Petitioners were first put on notice of the Maryland action in late March and early April of 2026 when Respondent served them "multiple times and through multiple means." Resp.'s Opp'n at 7. Petitioners chose to ignore the Maryland action and file a Petition to Vacate with this Court, instead. *See* Dkt. No. 1; *see also* Maryland Action, Dkt. No. 8 (entering default against Petitioners on April 29, 2026).

Petitioners were again put on notice when, on May 1, 2026, two days after default was entered against Petitioners in the Maryland action, Respondent filed with this Court a Motion to Dismiss that explicitly identified the Maryland action and argued for dismissal of Petitioners' Petition to Vacate on the grounds that it was filed after the Maryland action. *See* Dkt. No. 4. Initially due to respond by May 18, 2026, Petitioners requested and were granted an extension to May 25, 2026. *See* Min. Order, May 15, 2026. Petitioners filed an Opposition on May 25, four days after they filed their May 21 cross-petition to vacate in the Maryland action. *See* Maryland Action, Dkt. No. 12. Petitioners' Opposition expressly acknowledged the first-to-file rule and the FAA's "strict three-month deadline" for applying to the courts to vacate an arbitral award. Dkt. No. 8 at 6. But rather than secure their rights in the Maryland action under the FAA's strict deadline, Petitioners urged the Court to find that "exceptional circumstances" outweighed the "priority of the first party to file" and claimed that they would be prejudiced if they had to "litigate in Maryland under the burden of setting aside a default before any merits review can occur." *Id.* at 5–6. In other words, Petitioners "could have easily avoided" the timing issue in the Maryland action by filing their cross-petition earlier, "but instead elected not to act" in the Maryland action until May 21. *Morrissey*, 17 F.4th at 1160–61.

Second, and relatedly, there is no manifest injustice here because Petitioners "may not use a Rule 59 motion to raise new issues that could have been raised previously." *Kattan ex rel. Thomas*, 995 F.2d at 276. As noted above, Petitioners filed their cross-petition in the Maryland action on May 21, 2026, four days before they filed their Opposition to Respondent's Motion to Dismiss in this action. Accordingly, the timing issue that Petitioners now complain of was live at the time they filed their Opposition. But Petitioners did not raise the timing issue in their Opposition. Nor did they raise it in any other filings with the Court, even after Respondent

identified the timing issue in the Maryland Action as early as June 3, 2026. *See* Resp.'s Opp'n at 12 (citing Maryland Action, Dkt. No. 14 (where Respondent purportedly argues that Petitioners' cross-petition was filed "one day after the [three-month] statutory deadline")). This provides an additional basis to deny Petitioners' Motion, as a Rule 59(e) motion is not a "means to bring before the Court theories or arguments that could have been advanced earlier." *Lightfoot v. D.C.*, 355 F. Supp. 2d 414, 421 (D.D.C. 2005) (CKK) (citation omitted).

**IV.**

For the foregoing reasons, the Court concludes that Petitioners have not shown that manifest injustice exists here. Accordingly, the Court shall **DENY** Petitioners' [16] Motion to Alter Judgment. A separate order shall accompany this Memorandum Opinion.

**SO ORDERED.**

**Dated:** September 2, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge