APPEAL,CLOSED,STAYED,TYPE−E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:26−cv−01247−CKK
## *Internal Use Only*

| | |
|---|---|
| JOSHUA M. AMBUSH, LLC et al v. RUSNAK<br>Assigned to: Judge Colleen Kollar−Kotelly<br>Cause: 09:0010 Petition to Vacate Arbitration Award | Date Filed: 04/14/2026<br>Date Terminated: 07/23/2026<br>Jury Demand: None<br>Nature of Suit: 896 Arbitration<br>Jurisdiction: Diversity |

**Petitioner**

| | | |
|---|---|---|
| **JOSHUA M. AMBUSH, LLC** | represented by | **Matthew D. McGill**<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue NW<br>Suite 900<br>Washington, DC 20006<br>202−737−0500<br>Email: matthew.mcgill@kslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**John M. Shoreman**<br>MCFADDEN & SHOREMAN<br>1701 Pennsylvania Ave., NW<br>Suite 200<br>Washington, DC 20006<br>571−296−8450<br>Fax: 202−204−8610<br>Email: jms@mcfaddenshoreman.com<br>*ATTORNEY TO BE NOTICED* |

**Petitioner**

| | | |
|---|---|---|
| **JOSHUA M. AMBUSH** | represented by | **Matthew D. McGill**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**John M. Shoreman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Respondent**

| | | |
|---|---|---|
| **ELVIS J. RUSNAK** | represented by | **Robert Abraham Braun**<br>COHEN, MILSTEIN, SELLERS & TOLL<br>1100 New York Avenue NW |

Suite 500, West Tower
Washington, DC 20005
(202) 408−4600
Email: rbraun@cohenmilstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2026 | 1 | PETITION TO VACATE ARBITRATION AWARD against ELVIS J RUSNAK ( Filing fee $ 405 receipt number ADCDC−12359438) filed by JOSHUA M AMBUSH LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Shoreman, John) (Entered: 04/14/2026) |
| 04/14/2026 | | Case Assigned to Judge Colleen Kollar−Kotelly. (gsk) (Entered: 04/14/2026) |
| 04/14/2026 | 2 | SUMMONS (1) Issued Electronically as to ELVIS J. RUSNAK. (Attachments: # 1 Notice and Consent)(gsk) (Entered: 04/14/2026) |
| 04/14/2026 | 3 | ORDER ESTABLISHING PROCEDURESFOR CIVIL CASES ASSIGNED TO JUDGE COLLEEN KOLLAR−KOTELLY. Signed by Judge Colleen Kollar−Kotelly on 4/14/2026. (lcckk3) (Entered: 04/14/2026) |
| 05/01/2026 | 4 | MOTION to Dismiss , MOTION to Transfer Case by ELVIS J. RUSNAK. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Braun, Robert) (Entered: 05/01/2026) |
| 05/01/2026 | 5 | MOTION to Stay *Motion to Immediately stay all proceedings pending ruling on first−to−file and transfer motion* by ELVIS J. RUSNAK. (Attachments: # 1 Text of Proposed Order)(Braun, Robert) (Entered: 05/01/2026) |
| 05/04/2026 | | MINUTE ORDER: The Court is in receipt of Respondent's 4 Motion to Dismiss and 5 Motion to Stay, the latter of which conveys Respondent's request to stay proceedings pending the Court's resolution of his Motion to Dismiss. Upon consideration of Respondent's filings, it is hereby: ORDERED that Petitioners shall respond to Respondent's Motion to Dismiss by no later than May 18, 2026; it is further ORDERED that Respondent shall reply, if at all, to Petitioners by no later than May 26, 2026; it is further ORDERED that all other deadlines in this matter shall be STAYED pending the Court's resolution of Respondent's 4 Motion to Dismiss. Signed by Judge Colleen Kollar−Kotelly on 5/4/2026. (lcckk3) (Entered: 05/04/2026) |
| 05/04/2026 | | Set/Reset Deadlines: Petitioners' Response due by 5/18/2026. Respondent's Reply due by 5/26/2026. (dot) (Entered: 05/07/2026) |
| 05/14/2026 | 6 | Consent MOTION for Extension of Time to File Response/Reply *to Motion to Dismiss or Transfer* by JOSHUA M. AMBUSH, LLC. (Shoreman, John) (Entered: 05/14/2026) |
| 05/15/2026 | | The Court is in receipt of Petitioners' 6 Consent Motion for Extension of Time to File Response/Reply to Motion to Dismiss or Transfer. Petitioners ask that their deadline to respond be moved from May 18, 2026, to May 25, 2026. This is the Petitioners first such request, and Respondent consents. Accordingly, it is hereby: ORDERED that Petitioners shall respond to Respondent's Motion to Dismiss by no later than May 25, 2026; it is further ORDERED that Respondent shall reply, if at all, to Petitioners by no later than June 2, 2026. Signed by Judge Colleen Kollar−Kotelly on 5/15/2026. (lcckk3) (Entered: 05/15/2026) |

| | | |
|---|---|---|
| 05/21/2026 | 7 | Amended MOTION to Vacate *Petition to Vacate Arbitration Award* by JOSHUA M. AMBUSH, LLC. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E)(Shoreman, John) (Entered: 05/21/2026) |
| 05/25/2026 | 8 | RESPONSE re 4 MOTION to Dismiss MOTION to Transfer Case filed by JOSHUA M. AMBUSH, LLC. (Attachments: # 1 Exhibit A)(Shoreman, John) (Entered: 05/25/2026) |
| 05/29/2026 | | MINUTE ORDER: The Court is in receipt of Petitioners' 7 Amended Petition to Vacate Arbitration Award. Petitioners do not file a separate motion requesting leave to file an Amended Petition; rather, they include a footnote that states their "Amended Petition is filed as a matter of course pursuant to Fed. R. Civ. P 15(a)(l)(B) [sic]." Dkt. No. 7 at 1 n. 1.Rule 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course no later than 21 days "after service of a responsive pleading" if the pleading is one to which a responsive pleading is required, or no later than 21 days "after service of a motion under Rule 12(b), (e), or (f)," whichever is earlier. This present action does not implicate either alternative. Respondent has not filed a responsive pleading because the Court stayed this matter pending its resolution of Respondent's motion to dismiss Petitioners' Petition under the first−to−file rule, or in the alternative to transfer Petitioners' Petition pursuant to 28 U.S.C. § 1404(a). And Respondent's motion to dismiss/motion to transfer is not a motion made under Rule 12(b), (e), or (f). Accordingly, on the present record, the Court shall DENY Petitioners' request to file an 7 Amended Petition to Vacate Arbitration Award as a matter of course. Signed by Judge Colleen Kollar−Kotelly on 5/29/2026. (lcckk3) (Entered: 05/29/2026) |
| 05/29/2026 | 9 | REPLY to opposition to motion re 4 Motion to Dismiss, Motion to Transfer Case filed by ELVIS J. RUSNAK. (Braun, Robert) (Entered: 05/29/2026) |
| 06/01/2026 | 10 | NOTICE *re Amended Petition to Vacate* by JOSHUA M. AMBUSH, LLC (Shoreman, John) (Entered: 06/01/2026) |
| 07/10/2026 | 11 | NOTICE of Appearance by Matthew D. McGill on behalf of JOSHUA M. AMBUSH, JOSHUA M. AMBUSH, LLC (McGill, Matthew) (Entered: 07/10/2026) |
| 07/13/2026 | 12 | NOTICE *of Consent to Transfer* by JOSHUA M. AMBUSH, JOSHUA M. AMBUSH, LLC (McGill, Matthew) (Entered: 07/13/2026) |
| 07/14/2026 | 13 | RESPONSE re 12 Notice (Other) filed by ELVIS J. RUSNAK. (Braun, Robert) (Entered: 07/14/2026) |
| 07/23/2026 | 14 | ORDER granting 4 Motion to Dismiss. Signed by Judge Colleen Kollar−Kotelly on 7/23/2026. (lcckk3) (Entered: 07/23/2026) |
| 07/23/2026 | 15 | MEMORANDUM OPINION accompanying 14 Order. Signed by Judge Colleen Kollar−Kotelly on 7/23/2025. (lcckk3) (Entered: 07/23/2026) |
| 08/10/2026 | 16 | MOTION to Alter Judgment as to 14 Order on Motion to Dismiss, Order on Motion to Transfer Case by JOSHUA M. AMBUSH, JOSHUA M. AMBUSH, LLC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(McGill, Matthew) (Entered: 08/10/2026) |
| 08/12/2026 | | MINUTE ORDER: The Court is in receipt of Petitioners' 16 Motion to Alter Judgment. It is hereby ORDERED that Respondent shall respond by no later than August 24, 2026; it is further ORDERED that Petitioner shall reply, if at all, by no later than August 31, 2026. Signed by Judge Colleen Kollar−Kotelly on 8/12/2026. (lcckk3) |

| | | |
|---|---|---|
| | | (Entered: 08/12/2026) |
| 08/13/2026 | | Set/Reset Deadlines: Responses due by 8/24/2026. Replies due by 8/31/2026. (znbn) (Entered: 08/13/2026) |
| 08/24/2026 | 17 | RESPONSE re 16 MOTION to Alter Judgment as to 14 Order on Motion to Dismiss, Order on Motion to Transfer Case filed by ELVIS J. RUSNAK. (Braun, Robert) (Entered: 08/24/2026) |
| 08/31/2026 | 18 | REPLY to opposition to motion re 16 Motion to Alter Judgment filed by JOSHUA M. AMBUSH, JOSHUA M. AMBUSH, LLC. (McGill, Matthew) (Entered: 08/31/2026) |
| 09/02/2026 | 19 | ORDER denying 16 Motion to Alter Judgment. Signed by Judge Colleen Kollar−Kotelly on 9/2/2026. (lcckk3) (Entered: 09/02/2026) |
| 09/02/2026 | 20 | MEMORANDUM OPINION accompanying 19 Order. Signed by Judge Colleen Kollar−Kotelly on 9/2/2026. (lcckk3) (Entered: 09/02/2026) |
| 09/04/2026 | 21 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 14 Order on Motion to Dismiss, Order on Motion to Transfer Case, 15 Memorandum & Opinion, 20 Memorandum & Opinion by JOSHUA M. AMBUSH, JOSHUA M. AMBUSH, LLC. Filing fee $ 605, receipt number ADCDC−12656007. Fee Status: Fee Paid. (McGill, Matthew) (Entered: 09/04/2026) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSHUA M. AMBUSH, LLC, *et al.*, | ) | |
| *Petitioners,* | ) | |
| v. | ) | Case No. 26-cv-01247 (CKK) |
| ELVIS J. RUSNAK, | ) | |
| *Respondent.* | ) | |

**PETITIONERS' NOTICE OF APPEAL**

Notice is hereby given this 4th day of September, 2026, that Petitioners Joshua M. Ambush, LLC and Joshua M. Ambush hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the Order of this Court and accompanying Memorandum Opinion entered on July 23, 2026 (ECF Nos. 14, 15) in favor of Respondent Elvis J. Rusnak against said Petitioners, and from any and all other orders, decisions, rulings, findings, stipulations, and conclusions underlying, relating to, or having merged into that judgment, including but not limited to the Court's Order and Memorandum Opinion denying Petitioners' Motion to Alter the Judgment (ECF Nos. 19, 20).

Dated: September 4, 2026

Respectfully submitted,

*/s/ Matthew D. McGill*
Matthew D. McGill
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, Suite 900
Washington, D.C. 20006
Tel: (202) 626-2627
Fax: (202) 626-3737
Email: matthew.mcgill@kslaw.com

*Counsel for Petitioners Joshua M. Ambush, LLC and Joshua M. Ambush*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOSHUA M. AMBUSH, LLC, *et al.*,

Petitioners,

v.

ELVIS J. RUSNAK,

Respondent.

Civil Action No. 26-1247 (CKK)

**ORDER**
(July 23, 2026)

For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Respondent's [4] Motion to Dismiss is **GRANTED** and this case is **DISMISSED** without prejudice.

**SO ORDERED.**

**Dated:** July 23, 2026

Colleen Kollar-Kotelly

COLLEEN KOLLAR-KOTELLY
United States District Judge

*This is a final appealable Order.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSHUA M. AMBUSH, LLC, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>ELVIS J. RUSNAK,<br><br>Respondent. | Civil Action No. 26-1247 (CKK) |

**MEMORANDUM OPINION**
(July 23, 2026)

Petitioners, an attorney and his law firm, initiated this action against Respondent, a former client, seeking to vacate an arbitral judgment awarded in favor of Respondent. Respondent moves to dismiss Petitioners' action on the basis that Respondent filed a petition to *confirm* that same arbitral award in the District of Maryland two weeks before Petitioners filed their petition to vacate here. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court shall **GRANT** Respondent's [4] Motion to Dismiss.

**I.**

Petitioner Joshua M. Ambush is a Maryland resident and attorney licensed to practice law in Maryland and the District of Columbia. Petition ¶ 2. Joshua M. Ambush is the sole member of Petitioner Joshua M. Ambush, LLC, which is a limited liability company organized under the laws of Maryland with its headquarters in Baltimore, Maryland. *Id.* ¶ 1. Together, the Court shall refer to Petitioners collectively as "Ambush."

[1] The Court's consideration has focused on Petitioners' Petition to Vacate Arbitration Award, Dkt. No. 1 ("Pet."); Respondent's Motion to Dismiss, Dkt. No. 4 ("Resp.'s Mot."); Petitioners' Opposition, Dkt. No. 8 ("Pet'rs' Opp'n"); Respondent's Reply, Dkt. No. 9 ("Resp.'s Reply"); Petitioners' Notice of Consent to Transfer, Dkt. No. 12 ("Pet'rs' Not."); Respondent's Opposition to Petitioners' Notice, Dkt. No. 13 ("Resp.'s Opp'n").

Respondent Elvis J. Rusnak ("Rusnak") is a New Jersey resident. *Id.* ¶ 3. In 1996, Rusnak was injured in a terrorist attack while serving in the United States Air Force. Resp.'s Mot. at 2. In 2017, Rusnak and Ambush executed an "Attorney Representation Agreement," under which Ambush "provided legal services to Rusnak in bringing a claim in the United States District Court for the District of Columbia against the Islamic Republic of Iran for its material support" of the 1996 terrorist attack that injured Rusnak. *Id.* ¶ 5. On June 27, 2019, Rusnak was awarded default judgment in the amount of $7 million against Iran. *Id.* ¶ 6 (citing *Schooley v. Islamic Republic of Iran*, Case No. 17-cv-1376 (BAH)).

On July 18, 2019, Ambush filed an application with the U.S. Victims of State Sponsored Terrorism Fund ("USVSSTF" or "Fund") and requested payment of Rusnak's default judgment. *Id.* On July 6, 2020, the Fund confirmed that Rusnak was eligible to receive the requested $7 million. *Id.* On August 28, 2020, the Fund made a $408,697.33 payment to Rusnak—a little over 5% of the awarded damages—and, under the terms of their Agreement, Ambush received a contingency fee equaling 25% of the payment. *Id.* On December 30, 2022, the Fund made an additional payment of $21,248.47 to Rusnak, $7,082.82 of which was paid to Ambush under the Agreement. *Id.*

On November 21, 2024, Ambush was notified that Rusnak had informed the Fund that Ambush no longer represented him. *Id.* ¶ 7. Rusnak formally terminated Ambush's representation on December 18, 2024. *Id.* Pursuant to the parties' Representation Agreement, Ambush initiated arbitration proceedings against Rusnak on January 3, 2025, claiming that Rusnak breached the Agreement by failing to pay one of the two alternative contingency fees: 33.3% of the unpaid default judgment, or $2,187,657.13, plus expenses, if recovery was made from sources other than the Fund; or 25% of the unpaid judgment, or $1,640,742.85, if recovery was made from the Fund.

*Id*. Rusnak filed an answer opposing Ambush's claim and asserted a counterclaim for legal malpractice. *Id*.

On February 20, 2026, an arbitral award was entered in Rusnak's favor. *Id*. ¶ 8. The award found that Rusnak terminated the Agreement for cause. *Id*. It also found that Ambush breached the standard of care by failing to qualify Rusnak for lump sum catch-up payments from the Fund and accordingly awarded Rusnak $685,422 in damages and $36,056.13 in pre-judgment interest. *Id*.

* * *

On April 14, 2026, Ambush filed with this Court a Petition to Vacate the arbitral award. *See* Pet., Dkt. No. 1. Shortly thereafter, Rusnak moved to dismiss Ambush's Petition to Vacate. *See* Resp.'s Mot., Dkt. No. 4. Rusnak argues that dismissal is warranted under what he calls the "first-to-file rule." *See id.* at 4–6 (arguing that "this action should be dismissed under the first-to-file rule"). In a nutshell, Rusnak argues that Ambush's Petition to Vacate should be dismissed because it was filed more than two weeks after Rusnak filed a Petition to Confirm the arbitral award in the United States District Court for the District of Maryland on March 30, 2026. *Id*. Rusnak also raises two alternatives: "[s]hould the Court decline to dismiss this action," Rusnak argues, then "it should transfer it to the District of Maryland under 28 U.S.C. § 1404(a);" and "[s]hould the Court decline both to dismiss and to transfer this action," then Rusnak argues "it should stay these proceedings pending resolution" of the Maryland proceedings. *See* Resp.'s Mot., Dkt. No. 4. Ambush objected to the entirety of Rusnak's motion. *See* Pet'rs' Opp'n.

On July 13, 2026, Ambush filed a Notice rescinding his prior objection to transfer and "request[ing] that this Court transfer this action to the District of Maryland under 28 U.S.C. § 1404(a)." Pet'rs' Notice at 1. Unfortunately, the effect of Ambush's newfound consent to transfer

has been mitigated by Rusnak's newfound objection to transfer. Given recent developments in the Maryland litigation—including Rusnak's consent to vacating an entry of default entered in the District of Maryland and Ambush's filing of a cross-motion to vacate the arbitral award—Rusnak now argues that "transfer would serve only to complicate the Maryland proceedings," and that dismissal "is the remedy most consistent with the first-filed rule and that best advances the rule's underlying purpose of judicial economy." Resp.'s Opp'n, Dkt. No. 13.

Accordingly, the Court shall consider whether dismissal of this action is warranted

**II.**

"Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided." *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975). When there is parallel litigation between two federal district courts, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In this situation, "[s]o long as the parallel cases involve the same subject matter, the district court should—for judicial economy—resolve both suits in a single forum." *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003). While some courts apply "the so-called 'first-to-file' rule" to determine which district court should adjudicate the consolidated case, courts in this Circuit "must balance equitable considerations rather than using [] a mechanical rule of thumb." *Id*. (citing *Columbia Plaza*, 525 F.2d at 628) (quotations omitted).

**III.**

After balancing the relevant considerations, the Court shall dismiss Ambush's present action so that the parties' dispute may be resolved in the District of Maryland.

At the outset, the present action and the action initiated by Rusnak in the District of Maryland "are parts of a single controversy." *Columbia Plaza*, 525 F.2d at 626. They involve the

same parties and the same arbitral award. The only difference between the two is that, in this action, Ambush seeks to *vacate* the arbitral award, while in the Maryland action, Rusnak seeks to *confirm* the arbitral award. The two actions, in other words, are "parallel cases involve[ing] the same subject matter." *Handy*, 325 F.3d at 350. Accordingly, the Court concludes that this dispute should be resolved in the same forum. *See id.*; *Columbia Plaza*, 525 F.2d at 626.

The Court further concludes that this dispute should be resolved in the District of Maryland. A variety of considerations support this conclusion. First, while not dispositive, *see Handy*, 325 F.3d 350, "the usual rule in this circuit has been that where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." *UtahAmerican Energy, Inc. v. Dep't of Lab.*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) (quoting *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (cleaned up). The parties do not dispute that Rusnak filed his petition to confirm in the District of Maryland more than two weeks before Ambush filed his Petition with this Court. Resp.'s Reply at 1.

Moreover, equitable considerations do not weigh against dismissing Ambush's present action in favor of Rusnak's earlier-filed Maryland action. *See id.* There is no suggestion that Rusnak initiated the Maryland action for purposes of forum shopping, or in bad faith, or as an anticipatory filing. Resp.'s Mot. at 4. In fact, the only equitable consideration raised by Ambush in opposition—that the default proceedings in Maryland may prejudice his action, Pet'rs' Opp'n at 6—are moot, as Rusnak has consented to vacating the entry of default and Ambush has consented to litigating the matter in Maryland. Finally, the Court agrees with Rusnak that Maryland is the "natural and appropriate forum" for the parties' dispute—Ambush is a Maryland resident, the arbitration occurred in Maryland, the parties' representation agreement is governed

by Maryland law, and the underlying dispute concerns the professional conduct of a Maryland attorney and law firm. Resp.'s Mot. at 6.

**IV.**

The Court concludes that Ambush's present action is parallel to Rusnak's earlier-filed action in the District of Maryland. After balancing the relevant considerations, the Court further concludes that the District of Maryland is the appropriate forum for this dispute. Accordingly, for the foregoing reasons, it is hereby **ORDERED** that Respondent's [4] Motion to Dismiss is **GRANTED** and this case is **DISMISSED** without prejudice. An Order shall accompany this Memorandum Opinion.

**SO ORDERED.**

**Dated:** July 23, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSHUA M. AMBUSH, LLC, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>ELVIS J. RUSNAK,<br><br>Respondent. | Civil Action No. 26-1247 (CKK) |

**ORDER**
(September 2, 2026)

For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Petitioners' [16] Motion to Alter Judgment is **DENIED**.

**SO ORDERED.**

COLLEEN KOLLAR-KOTELLY
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSHUA M. AMBUSH, LLC, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>ELVIS J. RUSNAK,<br><br>Respondent. | Civil Action No. 26-1247 (CKK) |

**MEMORANDUM OPINION**
(September 2, 2026)

On July 23, 2026, the Court dismissed this action pursuant to Respondent's motion. Petitioners now move the Court under Federal Rule of Civil Procedure 59(e) to withdraw its order of dismissal and replace it with an order of transfer to the District of Maryland. Petitioners' sole argument is that they may be subject to "manifest injustice" if the Court does not grant their request. Because the Court concludes that manifest injustice does not exist here, it shall **DENY** Petitioners' [16] Motion to Alter Judgment.

**I.**

The Court has detailed the background of this action in a prior Memorandum Opinion. *See* Mem. Op., Dkt. No. 15. In summary form, Petitioners, an attorney and his law firm, initiated this action against Respondent, a former client, seeking to vacate an arbitral judgment awarded in favor of Respondent. *See* Dkt. No. 1. But not before Respondent initiated a separate action in the District of Maryland to *confirm* that same arbitral judgment. *See Rusnak v. Ambush*, No. 26-cv-01262, Dkt. No. 1 (D. Md. Mar. 30, 2026) (the "Maryland Action").

Respondent moved to dismiss Petitioners' action based on its connection to the prior-filed Maryland Action. Dkt. No. 4. The Court granted Respondent's motion on July 23, 2026, finding

that Petitioners' action was part of the same controversy as the Maryland Action and that the relevant considerations weighed in favor of resolving the matter through the Maryland Action. *See* Order, Dkt. No. 14; Mem. Op., Dkt. No. 15.

On August 10, 2026, Petitioners filed a Motion to Alter Judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 16. Petitioners ask the Court to withdraw its prior Order dismissing the case and replace it with an order transferring the case to the District of Maryland, instead. *See* Pet'rs' Mem., Dkt. No. 16-1. Petitioners argue that such alteration is warranted because there is a possibility that the court in the Maryland Action may dismiss as untimely the cross-petition for vacatur that Petitioners filed there on May 21, 2026. *Id.* This is the first time Petitioners have raised this concern.

Respondent opposes Petitioners' request. The issue is ripe. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court shall **DENY** Petitioners' [16] Motion to Alter Judgment.

**II.**

Motions to alter or amend a judgment under Rule 59(e) "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (TFH). Such motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

---

[1] The Court's consideration has focused on Petitioners' Motion to Alter Judgment, Dkt. No. 16 ("Pet'rs' Mot."); Respondent's Opposition to Petitioners' Motion to Alter Judgment, Dkt. No. 17 ("Resp.'s Opp'n"); and Petitioners' Reply in Support of the Motion to Alter Judgment, Dkt. No. 18 ("Pet'rs' Reply").

"Manifest injustice" is "an exceptionally narrow concept in the context of a Rule 59(e) motion." *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013) (BAH). It "must entail more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Id.* at 35–36. Manifest injustice does not exist "where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Morrissey v. Mayorkas*, 17 F.4th 1150, 1160–61 (D.C. Cir. 2021) (quoting *Ciralsky*, 355 F.3d at 673); *see also In re Black Farmers Discrimination Litig.*, 290 F.R.D. 325, 333 (D.D.C. 2012) (PLF) (holding that manifest justice did not exist because the movant's "own conduct contributed" to the circumstances they complained of). Moreover, regardless of the ground invoked, "a losing party may not use a Rule 59 motion to raise new issues that could have been raised previously." *Kattan ex rel. Thomas v. D.C.*, 995 F.2d 274, 276 (D.C. Cir. 1993).

**III.**

Respondent argues that Petitioners have failed to show that they would suffer "manifest injustice" because (1) their claimed prejudice "is entirely self-inflicted" and (2) their motion "impermissibly raises arguments that were available before judgment but were never presented to this Court." Resp.'s Opp'n at 6–7. The Court agrees and shall therefore **DENY** Petitioners' [16] Motion to Alter Judgment.

First, manifest injustice does not exist here because Petitioners "could have easily avoided" the hypothetical outcome they complain of. *Morrissey*, 17 F.4th at 1160–61. Petitioners were first put on notice of the Maryland action in late March and early April of 2026 when Respondent served them "multiple times and through multiple means." Resp.'s Opp'n at 7. Petitioners chose to ignore the Maryland action and file a Petition to Vacate with this Court, instead. *See* Dkt. No. 1; *see also* Maryland Action, Dkt. No. 8 (entering default against Petitioners on April 29, 2026).

Petitioners were again put on notice when, on May 1, 2026, two days after default was entered against Petitioners in the Maryland action, Respondent filed with this Court a Motion to Dismiss that explicitly identified the Maryland action and argued for dismissal of Petitioners' Petition to Vacate on the grounds that it was filed after the Maryland action. *See* Dkt. No. 4. Initially due to respond by May 18, 2026, Petitioners requested and were granted an extension to May 25, 2026. *See* Min. Order, May 15, 2026. Petitioners filed an Opposition on May 25, four days after they filed their May 21 cross-petition to vacate in the Maryland action. *See* Maryland Action, Dkt. No. 12. Petitioners' Opposition expressly acknowledged the first-to-file rule and the FAA's "strict three-month deadline" for applying to the courts to vacate an arbitral award. Dkt. No. 8 at 6. But rather than secure their rights in the Maryland action under the FAA's strict deadline, Petitioners urged the Court to find that "exceptional circumstances" outweighed the "priority of the first party to file" and claimed that they would be prejudiced if they had to "litigate in Maryland under the burden of setting aside a default before any merits review can occur." *Id.* at 5–6. In other words, Petitioners "could have easily avoided" the timing issue in the Maryland action by filing their cross-petition earlier, "but instead elected not to act" in the Maryland action until May 21. *Morrissey*, 17 F.4th at 1160–61.

Second, and relatedly, there is no manifest injustice here because Petitioners "may not use a Rule 59 motion to raise new issues that could have been raised previously." *Kattan ex rel. Thomas*, 995 F.2d at 276. As noted above, Petitioners filed their cross-petition in the Maryland action on May 21, 2026, four days before they filed their Opposition to Respondent's Motion to Dismiss in this action. Accordingly, the timing issue that Petitioners now complain of was live at the time they filed their Opposition. But Petitioners did not raise the timing issue in their Opposition. Nor did they raise it in any other filings with the Court, even after Respondent

identified the timing issue in the Maryland Action as early as June 3, 2026. *See* Resp.'s Opp'n at 12 (citing Maryland Action, Dkt. No. 14 (where Respondent purportedly argues that Petitioners' cross-petition was filed "one day after the [three-month] statutory deadline")). This provides an additional basis to deny Petitioners' Motion, as a Rule 59(e) motion is not a "means to bring before the Court theories or arguments that could have been advanced earlier." *Lightfoot v. D.C.*, 355 F. Supp. 2d 414, 421 (D.D.C. 2005) (CKK) (citation omitted).

## IV.

For the foregoing reasons, the Court concludes that Petitioners have not shown that manifest injustice exists here. Accordingly, the Court shall **DENY** Petitioners' [16] Motion to Alter Judgment. A separate order shall accompany this Memorandum Opinion.

**SO ORDERED.**

**Dated:** September 2, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge